## Gumpert's Estate.

Argued December 3, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Roland R. Foulke,* for appellant.

*F. Gilman Spencer,* Special Deputy Attorney General, with him *E. Russel Shockley,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. JUSTICE STERN, January 5, 1942:

Anna M. Gumpert, by deed of trust dated September 26, 1935, transferred $40,000 to the Girard Trust Company in trust for her children and grandchildren, reserving no interest to herself. She died September 8, 1936. The Register of Wills found that the trust was created in contemplation of death, and therefore assessed thereon a transfer inheritance tax under the Act of May 16, 1929, P. L. 1795, as amended by the Act of June 22, 1931, P. L. 690. The assessment being sustained by the orphans' court, the trustee appeals on the ground that the Act of 1929, as thus amended, violates Article III, section 3, of the Constitution, which provides that "no bill, . . . shall be passed containing more than one subject, which shall be clearly expressed in its title."

The provision under which the assessment was made is as follows: "That a tax shall be, and is hereby, imposed upon the transfer of any property, . . . in the following cases: . . . (c) When the transfer is of property made by a resident . . . by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death. If such transfer is made within one year prior to the death of the grantor, vendor, or donor of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, it shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this clause."

The relevant portion of the title is as follows: "Providing for the imposition and collection of certain taxes upon the transfer of property passing from a decedent who was a resident of this Commonwealth at the time of his death, . . . ; *defining and taxing transfers made in contemplation of death; . . .*"

The complaint is that the title does not cover the provision which casts upon the taxpayer the burden of proving that a transfer, if made under the conditions there specified, was not in contemplation of death.

It is unnecessary to elaborate upon the oft-repeated principle that all the Constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the act. The incidental provisions of the statute need not be enumerated or indexed in the title if they are germane to the legislation as a whole. "Unless a *substantive* matter, entirely disconnected with the named legislation, is included within the folds of the bill, the act should not be declared as a violation of the Constitution by reason of its title offending Section 3 of Article III": *Carr v. Ætna Accident & Liability Co.,* 64 Pa. Superior Ct. 343, 349; *Commonwealth ex rel. Schnader v. Liveright,* 308

Pa. 35, 82, 161 A. 697, 712; *Soldiers and Sailors Memorial Bridge,* 308 Pa. 487, 490, 162 A. 309, 310; *Commonwealth v. Stofchek,* 322 Pa. 513, 517, 185 A. 840, 843; *Kelley v. Earle,* 325 Pa. 337, 353, 190 A. 140, 147; *Dornan v. Philadelphia Housing Authority,* 331 Pa. 209, 232, 200 A. 834, 845; *Hadley's Case,* 336 Pa. 100, 106, 107, 6 A. 2d 874, 878. The provision as to the burden of proving that a transfer was not made in contemplation of death is neither a *substantive* matter nor one unrelated to the subject of the legislation; it establishes a mere detail of procedure within the general scope of the act. Any person interested in transfer inheritance taxation would be put on notice by the title that the taxation of transfers made in contemplation of death was dealt with in the statute and, upon reading the act, as it would then become his duty to do, he would ascertain that the burden of proof was placed upon the taxpayer in certain cases.

Even if the question be viewed from a strictly technical standpoint, the title must be adjudged sufficient, because it gives notice that the act contains a *definition* of "transfers made in contemplation of death." The phrase "unless shown to the contrary" is essentially a part of such definition, as would appear more clearly if the clause were read as follows: "A transfer made in contemplation of death within the meaning of this clause is one which is made within one year prior to the death of the grantor, vendor, or donor of a material part of his estate . . . , and without an adequate valuable consideration, and which is not shown not to have been made in contemplation of death."

Decree affirmed; costs to be paid by appellant.