511 Pa. 620 (1986)
515 A.2d 899
In re Condemnation by the COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, of Right-of-Way for Legislative Route 1021, Section IB, A Limited Access Highway in the City of Pittsburgh.
ESTATE OF Julia F. ROCHEZ, Deceased, by Edward Goslin, Thomas Goslin, and Mary Grace DiGiorgi as Co-Executors, and Edward Goslin, Thomas Goslin and Mary Grace DiGiorgi, In Their Own Right.
Appeals of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.
Supreme Court of Pennsylvania.
Argued April 15, 1986.
Decided October 3, 1986.
Order December 5, 1986.
*621 *622 Jeffrey L. Giltenboth, Asst. Counsel, Com. of Pa., Dept. of Transp., Pittsburgh, for appellant.
Thomas J. Dempsey, Pittsburgh, Leroy S. Zimmerman, Atty. Gen., Harrisburg, for appellee.
Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

OPINION
NIX, Chief Justice.
In this matter we are called upon to determine whether the title to section 3 of the Act of December 7, 1979, P.L. 478, No. 1979-100 ("Act 1979-100"), 71 P.S. § 513(e), violates Article III, Section 3 of the Pennsylvania Constitution. On April 25, 1984, the Commonwealth of Pennsylvania, Department of Transportation ("Commonwealth") filed a Declaration of Taking in the Court of Common Pleas of Allegheny County to acquire a fee simple interest in approximately 50% of appellees' property. Such condemnation was necessary for the construction of a limited access highway (Legislative Route 1021, section 1B). Appellees filed preliminary objections to the Declaration of Taking.
After hearing testimony and argument, the trial court sustained three of the preliminary objections on the ground that Act 1979-100 violated Article III, Section 3 of the *623 Pennsylvania Constitution because the title of the act failed to give notice that its amendment to the Administrative Code of 1929, Act of April 9, 1929, Public Law 177, No. 175 ("Code"), changed the law concerning condemnation for highway rights of way to permit such condemnation in fee simple. The Commonwealth filed direct appeals to this Court seeking reversal of the trial court's orders denying its request for a Declaration of Taking.[1] For the reasons set forth below, we now reverse.

I.
Act 1979-100 amended the Code and bore the following title:
An Act amending the act of April 9, 1929 (P.L. 177, No. 175), entitled "An act providing for and reorganizing the conduct of the executive and administrative work of the Commonwealth by the Executive Department thereof and the administrative departments, boards, commissions, and officers thereof, including the boards of trustees of State Normal Schools, or Teachers Colleges; abolishing, creating, reorganizing or authorizing the reorganization of certain administrative departments, boards, and commissions; defining the powers and duties of the Governor and other executive and administrative departments, boards, commissions, and officers; fixing the salaries of the Governor, Lieutenant Governor, and certain other executive and administrative officers; providing for the appointment of certain administrative officers, and of all deputies and other assistants and employes in certain departments, boards, and commissions; and prescribing *624 the manner and compensation of the deputies and all other assistants and employes of certain departments, boards and commissions shall be determined," further providing for the powers and duties of the Secretary of Transportation as to real property, restricting the right to condemn prime agricultural lands for certain purposes and creating the Agricultural Lands Condemnation Approval Board.
At issue today is that portion of the above title which described the amendment to section 2003 of the Code, 71 P.S. § 513(e). That portion reads:

further providing for the powers and duties of the Secretary of Transportation as to real property. . . . (emphasis added)
Appellees argue that this clause was inadequate to give notice that Act 1979-100 would supersede both Section 210 of the Act of June 1, 1945, P.L. 1242, No. 428, 36 P.S. § 670-210 ("State Highway Law"), and Section 8 of the Act of May 29, 1945, P.L. 1108, No. 402, 36 P.S. § 2391.8 ("Limited Access Highway Law") and grant the Department of Transportation the authority to acquire land in fee simple for all transportation purposes.[2] Section 4 of Act 1979-100 also repealed absolutely Article III of the State Highway Law, supra, which dealt with eminent domain. While it is true that the title at issue did not detail the powers and duties of the Secretary of Transportation which were affected by Act 1979-100, we believe that such was not required under Article III, Section 3 of the Pennsylvania Constitution.

A.
Article III, Section 3 provides:

*625 No bill shall be passed containing more than one subject, which shall clearly be expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.
Pa. Const. Art. III, § 3 (emphasis added).
The question as to whether the title of Act 1979-100 offends Article III, Section 3, depends upon the intendment of the emphasized language. As we stated in Consumer Party of Pennylvania v. Commonwealth, 510 Pa. 158, 507 A.2d 323 (1986), "Article III was adopted to correct the evil of unwise, improvident and corrupt legislation which had become rampant at the time of its passage." Id., 510 Pa. at 178, 507 A.2d at 333. A leading commentator said of that period:
The Pennsylvania Constitution of 1874 is the longest and the most detailed of the four fundamental documents under which the Commonwealth has been governed. It was drafted in an atmosphere of extreme distrust of the legislative body and of fear of the growing power of corporations, especially of the great railroad corporations. It was the product of a convention whose prevailing mood was one of reform. . . .
R. Branning, Pennsylvania Constitutional Development (1960).
Although we held in Consumer Party, supra, that questions arising under Article III are justiciable, we recognized therein that "we must not inquire into every allegation of procedural impropriety in the passage of legislation." Id., 510 Pa. at 180, 507 A.2d at 334. It is necessary therefore, that a challenge to the title of a statute be not of a vacuous nature, but instead relate directly to the purpose of Article III, Section 3.
In Scudder v. Smith, 331 Pa. 165, 200 A. 601 (1938), we stated:
The purpose of the constitutional requirements relating to the enactment of laws was to put the members of the Assembly and others interested on notice, by the title of *626 the measure submitted, so they might vote on it with circumspection.

Id., 331 Pa. at 170-71, 200 A. at 604 (emphasis deleted).
Hence, the primary purpose of Article III, Section 3, was to provide adequate notice both to the members of the General Assembly and to the public of the subjects contained in proposed acts so as to prevent passage of secretive measures. See In re Lancaster City Ordinance, No. 16-1952, 374 Pa. 529, 98 A.2d 25 (1953); Commonwealth v. Fireman's Fund Insurance Company, 369 Pa. 560, 87 A.2d 255 (1952); In re Hadley, 336 Pa. 100, 6 A.2d 874 (1939). In essence, Article III, Section 3 prohibits legislative draftsmen from proposing acts with titles calculated to mislead and deceive. Poor District Case (No. 1), 329 Pa. 390, 197 A. 334 (1938); Mallinger v. Pittsburgh, 316 Pa. 257, 175 A. 525 (1934). It assures against the practice of the intentional masking of acts with misleading or "omnibus" titles. See Kotch v. Middle Coal Field Poor District, 329 Pa. 390, 402, 197 A. 334 (1938). Nevertheless, Article III, Section 3 was not intended to serve as a shackle upon the hands of the legislature. In discussing the intent of Article III, Section 3 this Court has stated:
This section was not intended to exercise a pedantic tyranny over the grammatical efforts of legislators, nor to place them between the horns of a constructional dilemma, namely, that the title of an act must be so general as to give no indication of its purpose, nor so particular as to inferentially exclude from its scope any items inadvertently omitted.

Commonwealth v. Stofchek, 322 Pa. 513, 517, 85 A. 840, (1936).
Under Article III, Section 3 a title is constitutional if it puts a reasonable person on notice of the general subject matter of the act. Ewalt v. Pennsylvania Turnpike Commission, 382 Pa. 529, 115 A.2d 729 (1955); In re Lancaster City Ordinance No. 16-1952, supra; LJW Realty v. City of Philadelphia, 390 Pa. 197, 134 A.2d 878 (1957); Gumpert's Estate, 343 Pa. 405, 23 A.2d 479 (1942). Thus, it is *627 elementary that Article III, Section 3 does not require a title to be an index or synopsis of an act's contents. McSorley v. Fitzgerald, 359 Pa. 264, 59 A.2d 142 (1948); LJW Realty, supra; Gumpert's Estate, supra. All that is required under this section is that the title contain words sufficient to cause one having a reasonably inquiring mind to examine the act to determine whether or not he or she may be affected by it. See Johnson v. Pennsylvania Housing Finance Agency, 453 Pa. 329, 309 A.2d 528 (1973); Ewalt v. Pennsylvania Turnpike Comm., supra; Boyertown Burial Casket Co. v. Commonwealth, 366 Pa. 574, 79 A.2d 449 (1951); Appeal of School District of City of Bethlehem, 351 Pa. 433, 41 A.2d 712 (1945); Kotch v. Middle Coal Field Poor District, supra.

B.
Given the purpose of Article III, Section 3, it can be deduced that one who seeks to declare a title unconstitutional under this provision must demonstrate either (1) that the legislators and the public were actually deceived as to the act's contents at the time of passage, or (2) that the title on its face is such that no reasonable person would have been on notice as to the act's contents. An examination of the record in the instant case shows that appellees have failed to demonstrate either criterion.
The first criterion is readily dismissed since appellees neither alleged nor produced any evidence that the legislators or the public was deceived as to the contents of Act 1979-100 at the time of its passage. Nor are we aware of any previous allegations that this title served a deceptive purpose. Rather, appellees' primary argument is that the title did not specifically state that lands for the construction of highways would henceforth be acquired in fee simple as opposed to easements.[3] As the following analysis illustrates, *628 in essence, appellees' complaint goes not so much to the inadequacy of notice in the title, but instead to appellees' general dislike of several changes in law made by the legislature through passage of Act 1979-100.
An examination of the prior laws in this area reveals that the amended section 2003 was intended to consolidate "the powers and duties of the Secretary of Transportation as to real property." Prior to the enactment of Act 1979-100, it was necessary for the Department of Transportation to refer to a number of separate statutory provisions in order to condemn land for the construction of highways. For example, under the former section 2003, the Commonwealth could acquire fee simple title to land used for the erection of buildings necessary in connection with the construction or maintenance of highways. See Administrative Code of 1929, supra at section 2003, 71 P.S. § 513(e). However, the power to appropriate private property for the actual construction of state highways was effected only by way of an easement which allowed for reversion to the owner should the transportation use ever be abandoned. See State Highway Law, supra, 36 P.S. § 670-210. Additionally, for the payment of damages in connection with condemnation for the construction of limited access highways, it was necessary for the Secretary of Highways to proceed under section 8 of the Limited Access Highway Law, supra, 36 P.S. § 2391.8. The procedure for the disposition of property by sale or otherwise was set forth in section 410 of the Eminent Domain Code, Act of June 22, 1964, P.L. 84, No. 6, 26 P.S. § 1-410. Act 1979-100 eliminated the necessity to resort to these various provisions by setting forth in the amended section 2003 one procedure to apply to all condemnations for transportation purposes. It should be noted *629 that all of the former provisions amended, superseded, or repealed by Act 1979-100 dealt with the powers and duties of the Department of Transportation relating to real property.[4]
As the above discussion illustrates, the changes effected by Act 1979-100 were not limited just to the grant of a fee simple acquisition by the Department of Transportation. Rather, the changes encompassed many of the powers and duties of the Secretary of Transportation as to real property. The title was therefore generic, so as to be comprehensive. Under these circumstances, a short, general, comprehensive title is more desirable than a long one which attempts to point out all the details of a statute. Minsinger v. Rau, 236 Pa. 327, 84 A. 902 (1912). This comprehensive title was sufficient to place interested parties on notice that Act 1979-100 could relate to the Department's power to acquire real property for transportation purposes. As noted above, the title of an act serves only to place the legislators and the public on notice of the act's contents; it was never intended to serve as a substitute for one's reading the act to ascertain its full impact upon the existing laws. As our case law has established, Article III, Section 3 does not require that the title be an index or synopsis of the act's contents. McSorley v. Fitzgerald, supra; LJW Realty, supra; Gumpert's Estate, supra. Appellees, therefore, can assert no absolute right to a detailed title.
We thus find that in the instant case the title "further providing for the powers and duties of the Secretary of Transportation as to real property" was not such that a reasonable person was not on notice that the act would *630 concern acquisition of lands for transportation purposes. We do not have here today a grievous situation where the title of the act is entirely disconnected with the subject matter contained therein. Compare with Mt. Joy Borough v. Lancaster, 182 Pa. 581, 38 A. 411 (1897) (violation of Article III, section 3 where the title referred only to erecting a certain village and not to the imposition of costs for construction of a turnpike); Sewickley Borough v. Sholes, 118 Pa. 165, 12 A. 302 (1888) (violation of Article III, section 3 where the title disclosed only the purpose to exempt certain properties from taxation, whereas the act's provisions sought to impose taxation); Beckert v. City of Allegheny, 85 Pa. 191 (1877) (violation of Article III, section 3 where the title stated that it applied to property inside the City of Allegheny, whereas certain sections of the act actually applied to property outside the city).
Accordingly, we reverse the orders of the Court of Common Pleas of Allegheny County and remand this case to that tribunal for further proceedings consistent with this opinion.

ORDER
PER CURIAM
AND NOW, this 5th day of December, 1986, the Petition for Clarification of the Judgment and Orders of October 3, 1986, is granted. Upon remand the lower court is instructed to consider and decide all remaining issues including the question of the remaining preliminary objections. The Stay entered by order dated November 3, 1986, is to continue until final disposition of the matter by the Court below.
All further relief is denied.
NOTES
[1] The original order of the trial court dated August 6, 1985, did not include a clause revesting title in appellees. This order was vacated by an amended order dated August 30, 1985, which included a revesting clause. The Commonwealth directly appealed the August 30, 1985 order to this Court. Thereafter, appellees filed a motion to clarify that order, and, following argument, the trial court issued a second amended order on September 27, 1985. Once again, the Commonwealth filed a direct appeal of the second amended order. It is these two orders, August 30, 1985, and September 27, 1985, which are under our present consideration.
[2] The amended section 2003(e) of the Administrative Code extended to the Department of Transportation the authority:

To acquire, by gift, purchase, condemnation or otherwise, land in fee simple or such lesser state or interest as it shall determine, in the name of the Commonwealth, for all transportation purposes . . . 2003(e), as amended, 71 P.S. 513(e)(1) (emphasis added).
[3] Implicit in appellees' argument is that the legislature does not have the authority to establish through statute that a fee simple title may be taken for specified public purposes. However, our cases have established that the Commonwealth, as a sovereign government, takes a fee absolute title in land acquired for public use if not otherwise restricted. Parks v. Pa. Railroad Co, 301 Pa. 475, 480, 152 A. 682 (1930). See also 13 P.L.E. Eminent Domain § 141. Fee simple takings have occurred in Pennsylvania for years in regard to such public uses as canals, public garages, and airports. See, e.g. Starkey v. Philadelphia, 397 Pa. 512, 156 A.2d 101 (1959); Administrative Code of 1929, Act of April 9, 1924, P.L. 177, No. 175, § 2003, 71 P.S. § 513(e).
[4] Appellees list seventeen changes in law made by Act 1979-100. Appellees' brief at 23-25. They argue that each and every one of these changes should have been stated in the title. Were we to accept appellees' argument, we would undoubtedly create the situation where the length of the title of an act may exceed the length of the act itself. We are duty-bound to avoid such an absurd result.