543 A.2d 171

In Re: An Appeal From the Annual Audit and Financial Report of the Township of Penn, Westmoreland County, Pennsylvania, for the Year 1984. John Harvison, Treasurer of the Township of Penn, Appellant.

Argued March 21, 1988, before Judges CRAIG and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Donald P. Tarosky, Ceraso & Tarosky,* for appellant.

*Leslie J. Mlakar, Loughran, Mlaker & Bilik,* for appellee.

OPINION BY SENIOR JUDGE NARICK, May 26, 1988:

Before us is an appeal by John Harvison (Appellant) from a decision of the Court of Common Pleas of Westmoreland County which entered judgment in the amount of $9,613.76 in favor of the Township of Penn (Township) and against Appellant. We affirm.

The facts surrounding this case can be summarized as follows. Appellant has served as Township Treasurer for five successive terms—1969, 1973, 1977, 1981, and 1985. In 1984, the Township, which is a first class township, filed an appeal to the court of common pleas to the Township's 1984 annual audit and financial report. An issue raised by the Township in this appeal was that Appellant received compensation for his services as Town-

ship treasurer and tax collector exceeding $10,000 contrary to Section 34 of the Local Tax Collection Law (Tax Collection Law), Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §5511.34.[1] The trial court entered judgment against Appellant in the amount of $9,613.76 and Appellant appealed to this Court.[2]

Appellant presents five issues for our resolution which we will address *seriatim*. The first argument presented by Appellant is that Section 34 of the Tax Collection Law violates Article III, Section 32 of the Pennsylvania Constitution because it is a local or special law which regulates the affairs of townships. Specifically, Appellant contends that (1) there is an improper classification between tax collectors of first class townships and second class townships because Section 34 of the Tax Collection Law limits compensation of tax collectors of first class townships but Section 35 of the Tax Collection Law which applies to tax collectors of second class townships does not limit the compensation of tax collectors; and (2) townships are classified based upon population density and this classification is unconstitutional.

Section 34 of the Tax Collection Law pertinently provides:

> *The township treasurer shall receive for his duties as treasurer and tax collector for the township, a sum equal to five per centum of all township taxes received or collected by him, and in addition thereto, a sum equal to one per centum*

[1] The Township's authority to file said appeal derives from Section 15 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §56015. Also, pursuant to Section 16 of The First Class Township Code, 53 P.S. §56016, it is provided that a court may conduct a hearing whereupon it will make findings of fact and conclusions of law.

[2] Appellant's authority to appeal therein derives from Section 18 of The First Class Township Code, 53 P.S. §56018.

*on all other moneys received or collected by him for the township,* unless a different rate or annual compensation shall be fixed by ordinance of the township commissioners: *Provided, That in no case shall the total compensation of the treasurer, as treasurer and tax collector for the township, exceed the sum of $10,000.* The township treasurer as collector of township taxes shall be allowed such actual printing and postage expenses as shall be incurred in performing the duties prescribed in this act. Such amounts shall be adjusted by the township auditor or controller . . . (Emphasis added.)

Articles III, Section 32 of the Pennsylvania Constitution provides in relevant part:

The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law and specifically the General Assembly shall not pass any local or special law:

1. Regulating the affairs of counties, cities, townships, wards, boroughs or school districts:

. . . .

The test for determining the validity of a classification is long settled:

'[l]egislation for a class distinguished from a general subject is not special but general, and classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition. If the distinctions are genuine the courts cannot declare the classification void, though they may not consider it to be on a sound basis. The test is, not wisdom, but good faith in the classification.'

*Pennsylvania Higher Education Assistance Agency v. Abington Memorial Hospital,* 24 Pa. Commonwealth Ct. 352, 356-57, 356 A.2d 837, 840 (1976), *aff'd* 478 Pa. 514, 387 A.2d 440 (1978) *quoting Seabolt v. Commissioners of Northumberland County,* 187 Pa. 318, 323, 41 A. 22, 23 (1898).

The purpose of Article III, Section 32 of the Pennsylvania Constitution was to put an end to privileged legislation for particular localities and its intent was not to prevent the legislature from meeting diverse needs. *See Abington Memorial Hospital.* Thus, a classification is valid if it is premised upon a reasonable and genuine distinction. *Id.* Also, laws affecting counties, cities, townships, wards, boroughs and school districts are "general" as opposed to "special" legislation if these laws have statewide application in the Commonwealth. *Department of Labor and Industry v. Altemose Construction Co.,* 28 Pa. Commonwealth Ct. 277, 368 A.2d 875 (1977); *Roumfort Co. v. Delaney,* 230 Pa. 374, 79 A. 653 (1911).

Appellant in support of his position relies on *Philadelphia County v. Sheehan,* 263 Pa. 449, 107 A. 14 (1919) which held that a statute fixing the salary of a register of wills in counties having a population of 1,500,000 at $10,000 per year was unconstitutional. Appellant places great reliance on the following language from *Sheehan:* "If the subject-matter of the act has no relation to the population of the counties, then the act will be construed to be local and special: . . ." (Citations omitted.) *Sheehan* at 453, 107 A. at 15. However, we believe Appellant's reliance on *Sheehan* is misplaced. In a later case, our Supreme Court upheld the classification of counties; and in discussing *Sheehan,* the Supreme Court noted that the *Sheehan* case "was declared unconstitutional because there was not even an attempt at general classification, but only a picking out of one

locality, to legislate specially on one subject; thus making it both a 'local and special law' within the direct inhibition of the Constitution". *Commonwealth v. Wert,* 282 Pa. 575, 583, 128 A. 484, 487 (1925).

Based upon the above, we conclude that Appellant's argument that Section 34 of the Tax Collection Law violates Article III, Section 32 of the Pennsylvania Constitution must fall. Section 34 of the Tax Collection Law has statewide application in that it applies to townships of the first class throughout the Commonwealth.

Appellant's second argument is that Section 34 of the Tax Collection Law violates Article III, Section 3 of the Pennsylvania Constitution. This constitutional provision reads: "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compelling the law or a part thereof".

Appellant asserts that the regulation of a tax collector's or treasurer's compensation is not expressed in the title to the Tax Collection Law in violation of Article III, Section 3 of the Pennsylvania Constitution. In the title to the Tax Collection Law it states:

*An Act relating to the collection of taxes levied by* counties, county institution districts, cities of the third class, boroughs, towns, *townships,* certain school districts and vocational school districts; *conferring powers and imposing duties on tax collectors,* courts and various officers of said political subdivisions; and prescribing penalties. (Emphasis added.)

In the case of *In Re: Commonwealth, Department of Transportation,* 511 Pa. 620, 626-27, 515 A.2d 899, 902 (1986), our Supreme Court noted that:

Under Article III, Section 3 a title is constitutional if it puts a reasonable person on notice of the general subject matter of the act. (Citations

omitted.) Thus, it is elementary that Article III, Section 3 does not require a title to be an index or synopsis of an act's contents. (Citations omitted.) All that is required under this section is that the title contain words sufficient to cause one having a reasonably inquiring mind to examine the act to determine whether or not he or she may be affected by it. (Citations omitted.).

The high court went on to say that one who seeks to declare a title unconstitutional must establish either (1) that the legislators and public were deceived as to the act's contents at the time of passage or (2) that the title is such on its face that no reasonable person would have been put on notice as to the act's contents. *Id.* at 627, 515 A.2d at 902. In the matter at hand, Appellant has presented no evidence that the legislature or public were deceived as to the contents of the Tax Collection Law, nor do we believe that such was the case. As to the second criterion, the title of the act clearly alerts a reasonable person that it relates to the collection of taxes and is conferring powers and duties on tax collectors. Implicit in this title is the power or authority of a tax collector to collect or receive compensation for his duties as tax collector. Hence, Section 34 of the Tax Collection Law is not violative of Article III, Section 3 of the Pennsylvania Constitution.

The third issue presented by Appellant for our resolution is whether the $10,000 limitation of compensation in Section 34 of the Tax Collection Law includes taxes assessed, received or collected by the Township pursuant to The Local Tax Enabling Act (Tax Enabling Act), Act of June 25, 1947, P.L. 1145, *formerly,* 53 P.S. §§6851-6857 repealed by the Act of September 23, 1961, P.L. 1606, substantially reenacted as Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S.

§§6901-6924.[3] Appellant's position is that any amounts collected or received pursuant to the Tax Enabling Act are not included in the $10,000 limitation of Section 34 of the Tax Collection Law.[4] For the reasons which follow, we cannot accept Appellant's position.

Section 34 of the Tax Collection Law provides that the Township's treasurer and tax collector shall receive for his duties five per cent "of all Township taxes received or collected by him" and one per cent "on all other moneys received or collected by him for the Township". However, "in no case shall the compensation of the treasurer and tax collector . . . exceed $10,000".[5]

---

[3] The Tax Enabling Act of 1965 is a substantial reenactment of the Tax Enabling Act of 1947. *Wilkes-Barre Appeal*, 208 Pa. Superior Ct. 424, 222 A.2d 499 (1966).

[4] At this point we should note that statutes are in *pari materia* when they relate to the same thing or class of things, and that statutes in *pari materia* should be construed together, if possible, as one statute. 1 Pa. C. S. §1932. Also, at this point we should distinguish between the Tax Collection Law and the Tax Enabling Act. Essentially, the Tax Collection Law deals with tax collection in general. It does not set forth "categories" of taxes to be collected by a political subdivision. On the other hand, the Tax Enabling Act sets forth the following taxes which may be levied, assessed, and collected by designated political subdivisions, including townships of the first class: taxes on persons, transactions, occupations, privileges, subjects, personal property, the transfer of real property, the transfer of any interest in real property, gross receipts from utility services, amusements, salaries, and wages. (This list is not inclusive of all taxes set forth in the Tax Enabling Act.) Also, unlike the Tax Collection Law, the Tax Enabling Act does not set forth any limitations on compensation to be paid to tax collectors and treasurers.

[5] During Appellant's years in office, he received his compensation pursuant to the terms of the Township's Ordinance 101 which provides:

*Section 1.* That effective with the expiration of the present term of the Penn Township Treasurer the rate of compensation of the Treasurer as tax collector shall be and is hereby limited to one and one-half (1½%) percent of taxes and assessments actually collected by the Treasurer.

Taxes are defined in Section 2 of the Tax Collection Law, 72 P.S. §5511.2 as including "all taxes levied and assessed by taxing districts except those levied and assesssed under authority of the act of June 25, 1947 (P.L. 1145), as amended, and shall also include the penalties and interest imposed thereon".

Initially we note that "the act of June 25, 1947 (P.L. 1145), as amended" as set forth in Section 2 of the Tax Collection Law includes the Tax Enabling Act as substantially reenacted by the Act of December 31, 1965.[6] We further note that Section 10 of the Tax Enabling Act authorizes political subdivisions to appoint and provide compensation for individuals as it may deem necessary for the assessment and collection of taxes imposed under authority of the Tax Enabling Act. Keeping these two points in mind, we further observe that Section 34 of the Tax Collection Law distinguishes between *taxes* collected and received, and *all other moneys* collected or received in that a tax collector as treasurer and tax collector may as compensation receive 5% of all township *taxes* collected or received, but only 1% on *all other moneys* collected or received.

In the matter herein, the record reveals Appellant is the duly appointed collector of occupational privilege taxes and amusement taxes. (These taxes are collected pursuant to the Tax Enabling Act.) Therefore, the $10,000 limitation of Section 34 of the Tax Collection Law would not apply to taxes actually collected by Ap-

---

*Section 2.* The above described rate of compensation shall not be applicable to Township funds which are merely received for deposit by the Township Treasurer and are not the result of any collection efforts of the Treasurer . . .

[6] We note that the legislature continues to refer to the Act of June 25, 1947 after it has been repealed. Therefore, based upon this and the *Wilkes-Barre Appeal* case, we presume this reference to include the Act of December 31, 1965.

pellant pursuant to the Tax Enabling Act, *i.e.* occupational privilege taxes and amusement taxes. However, the $10,000 limitation on compensation would apply to moneys received by Appellant but assessed and collected by others pursuant to the Tax Enabling Act.

Appellant's fourth contention is that by requiring him to remit $9,613.76 he had received as compensation for his services as treasurer and tax collector his compensation was altered during his term of office in violation of Article III, Section 27 of the Pennsylvania Constitution[7] and Section 603 of The First Class Township Code, 53 P.S. §55603.[8] However, a municipality cannot violate specific statutory language and grant additional compensation. Further, any overpayments cannot act as an estoppel and allow Appellant to continue to receive additional compensation in violation of law. The statutes applied herein were in effect during Appellant's entire term of office. Therefore, Appellant's contentions here are rejected.

Lastly, pursuant to an order issued by this Court on February 6, 1987, the parties were directed to address the issue of the finality and appealability of the trial court's July 9, 1986 order.[9] The trial court's order of July 9, 1986 specifically directed the clerk of courts to certify the amount due of $9,613.76 to the prothonotary who would thereafter enter judgment against Appellant. On

---

[7] This *constitutional provision reads* "No *law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment.*

[8] Section 603 of The First Class Township Code states in relevant part: "Elected officers of townships shall receive such salary, compensation or emoluments of office as may from time to time be *fixed by ordinance of the township in accordance with provisions of section 703. Any change in salary, compensation or emoluments of office shall become effective at the beginning of the next term of the elected officer . . ."*

[9] The Township did not address this issue in its brief.

August 8, 1986, Appellant filed a notice of appeal and the matter was docketed with this Court at 2387 C.D. 1986. However, the record reveals that a praecipe for judgment on certified order from the clerk of courts of Westmoreland County was not entered until August 3, 1987. Appellant filed a second notice of appeal on August 24, 1987 and the matter was docketed with this Court at 2021 C.D. 1987. On November 30, 1987, Appellant's motion to consolidate 2387 C.D. 1986 and 2021 C.D. 1987 was granted by this Court.

There are three prerequisites set forth in Pa. R.A.P. 301 which must be satisfied before a notice of appeal may be filed from a trial court order: (1) the order must be entered on the docket of the trial court, (2) the order must be set forth on a separate document, and (3) where required, the order must be reduced to judgment. *See* Darlington, McKeon, Schuckers and Brown Pennsylvania Appellate Practice, Section 301:1 (1986). The satisfaction of these technical requirements are preconditions to filing a notice of appeal from an order which is otherwise appealable in all other respects. Darlington, McKeon, Schuckers and Brown, Section 301:1.

In the matter herein, this Court did not have jurisdiction at the time the August 8, 1986 notice of appeal was filed because no judgment had been entered. However, once judgment was entered, jurisdiction was perfected. *See* Pa. R.A.P. 905(a); *Kaminski v. Employers Mutual Casualty Co.*, 338 Pa. Superior Ct. 400, 405 n.2, 487 A.2d 1340, 1343 n.2 (1985). Therefore, Appellant did effectively appeal from a final order of the court of common pleas.

Accordingly, the order of the Court of Common Pleas of Westmoreland County is hereby affirmed.

392

## ORDER

AND NOW, this 26th day of May, 1988, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is hereby affirmed.