**David E. RICHARDS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1999.

Decided May 6, 1999.

Reargument Denied July 1, 1999.

Frank A. Natale, II, for petitioner.

Thomas L. Wenger, Harrisburg, for respondent.

Before McGINLEY, J., KELLEY, J., and JIULIANTE, Senior Judge.

KELLEY, Judge.

David Richards (claimant) petitions for review from an order of the Unemployment Compensation Board of Review (UCBR) which reversed the decision of a referee granting claimant benefits. We reverse.

The facts of this case are as follows. Claimant was employed full-time by the Board of Supervisors of Franklin Township (employer) where he performed job duties of a laborer in employer's Recycling Center from February 21, 1990 until his last day of work on November 15, 1995. On June 13, 1995, claimant sustained an injury while in the course and scope of his employment. Claimant applied for and received workers' compensation benefits from July 10, 1995 through August 18, 1995. Claimant then returned to light duty work on August 18, 1995 and continued to work until November 15, 1995. Claimant again applied for and was granted workers' compensation benefits from November 15, 1995 through May 21, 1997 in the amount of $246 per week for the June 13, 1995 injury.

On January 24, 1996, employer filed a petition to terminate/suspend claimant's workers' compensation benefits and the

matter proceeded before a workers' compensation judge (WCJ). Upon determining that claimant had fully recovered from his injuries as of November 21, 1995, the WCJ granted employer's petition to terminate benefits as of this date by decision dated June 4, 1997. Claimant filed an appeal from this decision with the Workers' Compensation Appeal Board (WCAB).

Pending disposition of his workers' compensation appeal, claimant filed an application for unemployment compensation benefits on August 3, 1997. Claimant's unemployment compensation application stated a base year period from April 1, 1996 to March 31, 1997, said period being the first four calendar year quarters of the fiscal quarters preceding his unemployment compensation application. Claimant did not work for any employer and received no wages during the stated base year.

On August 19, 1997, the Beaver Falls Job Center (job center) issued a notice of determination denying claimant's benefits for failure to meet the eligibility requirements pursuant to section 401(a) of the Unemployment Compensation Law.[1] Claimant filed a timely appeal and a hearing before an unemployment compensation referee ensued.

Upon finding that claimant received workers' compensation benefits from November 15, 1995 through May 21, 1997 as a result of the June 13, 1995 work-related injury, the referee determined that claimant was entitled to a moveable base year consisting of four complete calendar quarters immediately preceding the June 13, 1995 injury pursuant to section 204(b) of the Workers' Compensation Act[2] for the purposes of establishing eligibility for unemployment compensation benefits. By decision dated September 19, 1997, the referee reversed the determination of the job center.

Employer appealed the referee's decision to UCBR. In its decision issued June 3, 1998, UCBR reasoned that claimant's eligibility for workers' compensation was reviewed at the WCJ's hearing, wherein it was determined that claimant had fully recovered from his injuries as of November 15, 1995.[3] On this basis, UCBR determined that since claimant was not eligible to receive workers' compensation payments after November 15, 1995, his failure to meet the unemployment compensation financial criteria was not due to a compensable injury as required by section 204(b) of the Workers' Compensation Act. Accordingly, UCBR concluded that claimant was ineligible for unemployment compensation benefits and reversed the referee's determination. Claimant then filed the present petition for review.[4]

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801(a). This section provides:
   Compensation shall be payable to any employe who is or becomes unemployed, and who—
   (a) Has, within his base year, been paid wages for employment as required by section 404(c) of this act: Provided, however, That not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.
   (Footnotes omitted).

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(b). This sections provides:
   For the exclusive purpose of determining eligibility for compensation under the act of December 5, 1936 (2nd Sp.Sess., 1937 P.L.

2897, No. 1), known as the "Unemployment Compensation Law," any employe who does not meet the monetary and credit week requirements under section 401(a) of that act due to a work-related injury compensable under this act may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.
   (Footnotes omitted).

3. An examination of the certified record reveals that benefits were terminated as of November 21, 1997, not November 15, 1997 as found by UCBR.

4. Employer has intervened. UCBR has filed a notice of non-participation.

Claimant has raised the following issue for our review: Whether an applicant for unemployment compensation, who receives compensation for a workers' compensation injury during his base year, is entitled to move his base year for eligibility purposes pursuant to Section 204(b) of the Workers' Compensation Act and Section 401(a) of the Unemployment Compensation Law.[5]

Claimant contends that UCBR erred in determining that claimant was not entitled to move his base year for eligibility purposes pursuant to Section 204(b) of the Workers' Compensation Act where claimant received workers' compensation benefits for the period in question. We agree.

In order to be eligible for unemployment compensation benefits, an applicant must meet the requirements set forth in section 401 of the Unemployment Compensation Law, 43 P.S. § 801. Section 401(a) provides that an applicant must have, within his base year, been paid wages for employment as required by section 404(c) of the Unemployment Compensation Law, 43 P.S. § 804(c). "Base year" is defined as the first four of the last five completed calendar quarters immediately preceding an employee's benefit year. Section 4(a) of the Unemployment Compensation Law, 43 P.S. § 753(a). "Benefit year" is defined as the 52 week consecutive week period, beginning with the day on which a benefit application is filed. Section 4(b) of the Unemployment Compensation Law; 43 P.S. § 753(b). In other words, a claimant must have earned wages in the first four of the five calendar quarters immediately preceding the calendar quarter in which the claimant filed his or her unemployment compensation application.

In 1996, the General Assembly created an exception to section 401(a) of the Unemployment Compensation Law when it amended section 204(b) of the Workers' Compensation Act, 77 P.S. § 71(b). As amended, section 204(b) provides that where a claimant is unable to meet the monetary and credit week requirements under section 401(a) of the Unemployment Compensation Law due to a work-related injury compensable under the Workers' Compensation Act, such a claimant may elect to have his or her base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

In *Auberzinsky v. Unemployment Compensation Board of Review,* 722 A.2d 1178 (Pa.Cmwlth.1999), this Court examined the applicability of section 204(b) of the Workers' Compensation Act. The relevant facts of *Auberzinsky* are as follows.

The claimant, Alan Auberzinsky, had worked for his employer for approximately four and a half year's before his employment ended as a result of a work-related injury sustained on March 4, 1996. Auberzinsky filed an application for unemployment compensation benefits, with a stated base year from October 1994 through September 1995. Auberzinsky collected unemployment benefits on this claim and exhausted entitlement during the week ending September 14, 1996. Auberzinsky also filed an application for workers' compensation benefits and received benefits from March 4, 1996 through September 9, 1996, on which date a WCJ had determined that the Auberzinsky had totally recovered from his work-related injury. Auberzinsky then filed another application for unemployment compensation benefits effective January 4, 1998, with a base year from October 1996 through September 1997. During this base year, Auberzinsky had not performed any services for any employer, was not paid any wages and did not receive any

---

5. This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987).

workers' compensation benefits. The job center, referee and UCBR all denied Auberzinsky benefits upon determining that he did not have sufficient base year wages to financially qualify for unemployment compensation under section 401(a) of the Unemployment Compensation Law and that he was not entitled to move his base year under section 204(b) of the Workers' Compensation Act.

On appeal to this Court, Auberzinsky argued that UCBR erred in denying him unemployment compensation benefits as he was entitled to move his base year pursuant to section 204(b) of the Workers' Compensation Act because he was unable to work or earn wages during his base year period due to his work-related injury. We rejected Auberzinsky's argument on two grounds: First, Auberzinsky's contention that he was unable to work due to a work-related injury was not a fact of record, and second, Auberzinsky had not received *any* workers' compensation benefits for any work-related injury during his base year. Accordingly, we concluded that Auberzinksy was not entitled to move his base year period under section 204(b) as his lack of base year wages was not due to a work-related injury compensable under the Workers' Compensation Act.

The applicability of section 204(b) is again at issue in the case before us. While the issue raised is the same, the facts involved herein are readily distinguishable from *Auberzinsky*. Here, the record reveals that claimant sustained a work-related injury on June 13, 1995, for which he received workers' compensation benefits from July 10, 1995 through August 18, 1995 and from November 15, 1995 through May 21, 1997. Although, it was later determined in a workers' compensation proceeding that claimant had fully recovered from his work-related injury as of November 15, 1995, the fact remains that claimant received workers' compensation benefits for his work-related injury during his base year. Thus, claimant had a work-related injury compensable under Work-

ers' Compensation Act as required by section 204(b). We, therefore, conclude that claimant is entitled to move his base year to consist of the four complete calendar quarters preceding his injury pursuant to section 204(b).

Employer, in its counterstatement of the questions presented, has raised the issue of whether section 204(b) of the Workers' Compensation Act is unconstitutional. Employer contends that section 204(b) violates Article III, Section 3 of the Pennsylvania Constitution as it contains more than one subject. We disagree.

Article III, Section 3 of the Pennsylvania Constitution provides that no bill shall be passed containing more than one subject, which shall be clearly expressed in the title of the bill. One who seeks to declare an act unconstitutional under Article III, Section 3 must demonstrate either that: (1) the legislators and the public were actually deceived as to the act's contents at the time of passage; or (2) the title on its face was such that no reasonable person would have been on notice as to the act's contents. *In re Department of Transportation*, 511 Pa. 620, 626, 515 A.2d 899, 902 (1986).

Our Supreme Court has stated that, pursuant to Article III, Section 3, an act is constitutional if the title puts a reasonable person on notice of the general subject matter of the act. *Id.* The title need not be a synopsis of an act's contents, nor an index of all the subdivisions thereof or any matters that may be fairly related to it. *In re Hadley*, 336 Pa. 100, 6 A.2d 874 (1939). Unless a substantive matter, entirely disconnected with the named legislation, is included within the bill, the act does not fall within the constitutional inhibitions. *Id.*

Section 204(b) was enacted as part of 1996 amendments to the Workers' Compensation Act (Act 57). The title to Act 57 provides:

An Act Amending the Act of June 2, 1915 (P.L. 736, No. 338) entitled, as

reenacted and amended, "An Act defining the liability of an employer to pay damages for injuries received by an employe in the course of employment; establishing an elective schedule of compensation; providing procedure for the determination of liability and compensation thereunder; and prescribing penalties," further providing for definitions for recovery, for liability for compensation, for financial responsibility, for compensation schedules and for wages; providing for reporting; further providing for notices, for examinations, for commutation of compensation, for exclusions, for the Workmen's Compensation Appeal Board and for procedure; providing for informal conferences; further providing for processing claims, for commutation petitions, for modifications and reversals, for pleadings, for investigations, for evidence, for appeals, for regulations, for costs and attorney fees, for the Pennsylvania Workers' Compensation Advisory Council and for insurance policies; providing for settlements and for collective bargaining; further providing for ratings organizations, for rating procedures and for shared liability; providing for employer association groups; further providing for safety committees, for penalties, for prosecutions and for collection of penalties; providing for limitation of actions; further providing for assessments; providing for workers' compensation judges and for transfer of administrative functions; transferring provisions relating to the State Workmen's Insurance Fund and broadening its permissible coverages; and making a repeal.

This title clearly places the reader on notice that the general subject matter of Act 57 is the workers' compensation law.

Section 204(b), as previously stated in this opinion, provides that an employee who does not meet the monetary and credit week requirements under section 401(a) of the Unemployment Compensation Law due to a work-related injury compensable under the Workers' Compensation Act is permitted to move his base year for purposes of determining eligibility for unemployment compensation. 77 P.S. § 71(b). As section 204(b) pertains to persons who have suffered a work-related injury under the Workers' Compensation Act, the section is sufficiently contained within the general subject matter expressed in the title of Act 57. While section 204(b) also pertains to the subject of unemployment compensation law, the absence of this subject in the title does not invalidate the provision.

■ The purpose of Article III, section 3 of the Pennsylvania Constitution is to prohibit legislation containing subjects entirely disconnected with each other in such a way as to mislead or deceive readers. The purpose, however, is not to prevent the General Assembly from enacting legislation which may affect more than one subject, provided that they are fairly related to each other. Unemployment compensation law and workers' compensation law, while generally two distinct and unrelated areas of the law, are related to each other for purposes of determining unemployment compensation eligibility for persons who do not meet the monetary and credit week requirements under the Unemployment Compensation Law due to a compensable work-related injury under the Workers' Compensation Act. We, therefore, conclude that employer has failed to establish a violation of Article III, Section 3 of the Pennsylvania Constitution.

Accordingly, the order of UCBR is reversed.

### ORDER

AND NOW, this 6th day of May, 1999, the order of the Unemployment Compensation Board of Review, dated June 3, 1998, at No. B–365117, is reversed.