## PennDOT v. Longstreth

214

C.P. of Mercer County, no. 1999-821.

*Chester J. Karas Jr.,* for PennDOT.
*Robert J. Tesone,* for defendant/petitioner.

FORNELLI, *P.J.,* October 28, 1999—This matter comes before the court on William E. Longstreth's appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's notice of license suspension. For the reasons set forth herein, Longstreth's appeal will be sustained.

Longstreth, a Pennsylvania resident, was sent notice by the department dated March 8, 1999, which stated:

"Section 1581 of the Vehicle Code requires the department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the department receiving notification from Ohio of your conviction on 01/07/1999 of an offense which occurred on 11/24/1998, which is equivalent to a viola-

tion of section 3731 of the Pennsylvania Vehicle Code, Driving Under Influence, your driving privilege is being Suspended for a period of 1 Year(s), as mandated by section 1532B of the Vehicle Code.

"The effective date of suspension is 04/19/1999, 12:01 a.m."

The stated authority for the suspension of Longstreth's driving privileges is the driver's license compact, 75 Pa.C.S. §1581. The legislature enacted section 1581 into law on December 10, 1996, and Pennsylvania thereby entered into the compact with all other jurisdictions legally joining therein.[1]

Article III of the compact entitled "Reports of conviction" sets forth the following:

"The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was the result of the forfeiture of ball, bond or other security and shall include any special findings made in connection therewith." 75 Pa.C.S. §1581.

Article IV states the effect of a conviction reported in accordance with article III of the compact, and provides in pertinent part:

---

1. Ohio is a party state having enacted the driver's license compact on July 1, 1987. See Ohio Rev. Code Ann. §4507.60 (Baldwin 1999).

"(a) The licensing authority in the home state, for the purposes of suspension revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

"(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug which renders the driver incapable of safely driving a motor vehicle;" 75 Pa.C.S. §1581.

Upon receipt of the notice of license suspension from the department, Longstreth filed the instant appeal in accordance with 75 Pa.C.S. §1550(a).[2] In his petition for appeal from the order of the department, Longstreth asserts that the suspension of his operating privileges is improper for the following reasons:

"(1) the report from Ohio was technically deficient under the compact and under the decisional law of the Commonwealth of Pennsylvania;

"(2) the purported one-year suspension by the department would not give Longstreth's conviction the same effect as if the conviction had occurred in the Commonwealth of Pennsylvania because Longstreth would have

_____

2. This section provides as follows:

"*Section 1550. Judicial review*

"*(a) General rule.*—Any person who has been denied a driver's license, whose driver's license has been canceled or whose operating privilege has been recalled, suspended, revoked or disqualified by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to title 42 (relating to judiciary and judicial procedure). The appellant shall serve a copy of the petition for appeal, together with a copy of the notice of the action from which the appeal has been taken, upon the department's legal office.

been an ARD candidate facing as little as a 30 day suspension for the equivalent offense in Pennsylvania;

"(3) since Longstreth's Ohio offense led to a three month suspension of operating privileges in Ohio, a one-year suspension by the department would constitute an unauthorized multiple consecutive license suspension by two states in violation of Longstreth's double jeopardy and due process rights;

"(4) Longstreth's conviction in Ohio on January 7, 1999, for an offense which occurred on November 24, 1998, was not an equivalent violation of 75 Pa.C.S. §3731; and

"(5) the compact violates the Constitution of Pennsylvania, and in particular, Longstreth's rights to due process of law in that it imposes a substantially greater penalty for an out-of-state conviction than for an equivalent Pennsylvania offense." Petition for appeal from the order of the Department of Transportation suspending license to operate motor vehicle, pp. 2-3.

The first issue for the court's consideration is whether the report from Ohio was technically deficient under the compact, 75 Pa.C.S. §1581. Longstreth argues that the Ohio report did not conform to the requirements of article III of the compact in that the report did not contain the requisite information necessary to suspend his operating privileges in Pennsylvania.

At hearing on this matter, the department introduced into evidence a certified copy of the report received by the department from the licensing authority of the State of Ohio. The Ohio report identified Longstreth as the person who committed an offense on November 24, 1998, and listed January 7, 1999 as the date of conviction. The

report further described the reason of conviction as "DUI—alcohol/liquor," and identified the court as that of Trumbull County.

Longstreth contends that the report from Ohio is deficient in two critical respects: (1) the report did not specify the section of the statute, code or ordinance violated; and (2) the report did not indicate whether a plea of guilty or not guilty was entered or whether the conviction was the result of the forfeiture of bail, bond or other security. As such, Longstreth argues that the report is not in compliance with the mandates of article III of the compact.

Article III of the compact entitled "Reports of conviction" clearly dictates that any report of conviction from a party state *"shall"* contain the following information: (1) the identity of the person convicted; (2) a description of the violation, including the section of the statute, code, or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or of whether the conviction resulted from a forfeiture of security. *Mazurek v. PennDOT,* 717 A.2d 23, 25 (Pa. Commw. 1998). The use of the word "shall" in article III of the compact is mandatory. *Id.*

In the case at bar, the report from Ohio did not contain the second and fourth requirements. Pennsylvania law is clear that where the report of conviction fails to include the requisite information, any attempted suspension of operating privileges by the department is improper. *Rouse v. PennDOT,* 732 A.2d 35 (Pa. Commw. 1999); *McCann v. PennDOT,* 728 A.2d 1009 (Pa. Commw. 1999); *Sweet v. PennDOT,* 724 A.2d 1004 (Pa. Commw. 1999); *Mazurek, supra; Staples v. PennDOT,* 718 A.2d 892 (Pa. Commw. 1998); *Emmett v. PennDOT,* 718 A.2d 891 (Pa.

Commw. 1998); and *Hook v. PennDOT,* 718 A.2d 381 (Pa. Commw. 1998).

The department acknowledges that the report from Ohio did not contain all of the information required by article III of the compact. However, the department argues that the amendment to section 1584 of the Vehicle Code by the General Assembly on December 21, 1998, alleviates any shortcomings in this regard. The amendment added a second sentence which specifically deals with omissions from reports received by party states. Section 1584 provides as follows:

*"Section 1584. Furnishing of information to other states*

The Department of Transportation of the Commonwealth shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of articles III, IV and V of the compact. *The omission from any report received by the department from a party state of any information required by article III of the compact shall not excuse or prevent the department from complying with its duties under articles IV and V of the compact."* 75 Pa.C.S. (emphasis added)

With the amendment to section 1584, the department asserts that it was under an obligation to suspend Longstreth's operating privileges for one year, despite the fact that the report from Ohio omitted certain information. Longstreth disagrees. In his supplemental petition for appeal, Longstreth contends that the amendment to section 1584 improperly alters the uniformity of wording and contractual agreement between Pennsylvania and other participating jurisdictions who have enacted the

compact. Longstreth argues that such an amendment constitutes an unauthorized and unpermitted attempt by the legislature to unilaterally modify the compact.

Upon review of this matter, the court finds that section 1584 is ineffectual in addressing the lack of information in the Ohio report. There are a number of reasons for this conclusion. First, section 1532(b)(3) of the Vehicle Code sets forth the authority by which the department can suspend an operator's license for an out-of-state offense. In so doing, this section states:

"*(b) Suspension.*—

"(3) The department shall suspend the operating privileges of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer), *or substantially similar offenses reported to the department under article III of section 1581 (relating to driver's license compact),* or an adjudication of delinquency based on section 3731 or 3733. . . ." (emphasis added)

The sole authority of the department to suspend the operating privileges of a Pennsylvania resident for an out-of-state offense is in accordance with section 1532(b)(3). This section only permits a suspension where a report is received pursuant to article III. Since the content requirements of any such report are specifically set forth in article III, a report cannot be considered to have been received unless it meets all of the explicit reporting requirements set forth therein. Section 1532(b)(3) makes no reference whatsoever to section 1584. Thus, section

1584 has no impact on the grant of authority to the department to suspend for an out-of-state offense.

Second, the court finds the amendment to section 1584 constitutes an impermissible attempt by the legislature to unilaterally modify the compact. The Commonwealth Court discussed the issue of interstate compacts at some length in *Aveline v. Pennsylvania Board of Probation and Parole,* 729 A.2d 1254, 1257 (Pa. Commw. 1999), where the court considered the interstate compact for the supervision of parolees and probationers, and provided as follows:

"In general, interstate compacts are multi-state agreements made with congressional consent which arise when two or more states enact essentially identical statutes governing an area of mutual state concern that transcends state lines. . . . The terms of an interstate compact normally contain the obligations of the states, provisions for enactment and amendment, clauses vesting some authority with the promulgation of uniform application of the compact, and procedures for termination or withdrawal. . . . Because interstate compacts are agreements enacted into state law, they function simultaneously as contracts between the states and as statutes within those states, and must be interpreted as both." (citations omitted) (footnotes omitted)

The *Aveline* court further declared that "[c]ompacts have the characteristics of contracts because the enactment of the compact terms as part of an enabling statute by one state is viewed as an offer. The offer may be accepted through the enactment of statutes, including the same compact terms by another state. . . . As with other contracts, the contract clause of the United States Con-

stitution protects compacts from impairment by the states." *Id.* at 1257 n.10.

Accordingly, the Commonwealth court in *Aveline* stated that "[t]his means that upon enacting a compact, it takes precedence over the subsequent statutes of signatory states and, as such, *a state may not unilaterally nullify, revoke or amend one of its compacts if the compact does not so provide.*" *Id.* (emphasis added) See also, *Delaware River Port Authority v. Commonwealth of Pennsylvania, State Ethics Commission,* 137 Pa. Commw. 170, 585 A.2d 587 (1991) and *Nardi v. Delaware River Port Authority,* 88 Pa. Cmwlth. 558, 490 A.2d 949 (1985) (Delaware River Port Authority, being created by interstate compact, in an instrumentality of both Pennsylvania and New Jersey and neither creator state can unilaterally impose additional duties, powers or responsibilities upon the authority).

In its brief in support of operating privilege suspension, the department argues that the amendment to 75 Pa.C.S. §1584 was not an attempt to unilaterally alter the terms of the compact, but was simply designed to address the manner in which the department administers its obligations under the compact. The department contends that said amendment merely affects how the compact is applied to Pennsylvania motorists, and does not change, alter or amend the compact itself. Such an argument is devoid of merit.[3]

---

3. We also find meritless the department's claim that the amendment to section 1584 was needed because the department has no control over the information it receives from party states such as Ohio. Article VII of the compact provides that the administrators of the compact from each state "shall have the power to formulate all necessary and proper procedures for the exchange of information," and that the administrator from each state "shall furnish to the administrator of

In the case at bar, the amendment to 75 Pa.C.S. §1584 constitutes an unequivocal attempt by the legislature to unilaterally nullify and/or alter the notice provisions of the compact. Such an amendment is neither contemplated nor permitted by the compact.[4]

Therefore, as the legislature was without authority to alter the compact, the amendment to section 1584 is a legal nullity. If the General Assembly had desired to enact legislation independent of the compact, which pro-

---

each other party state any information or documents reasonably necessary to facilitate the administration of the compact." 75 Pa.C.S. §1581, article VII(a) and (b). In addition to article VII, Ohio has a specific statute which states that "the bureau of motor vehicles shall furnish to the appropriate authorities of any other party state any information or documents reasonably necessary to facilitate the administration of articles III, IV, and V of the compact set forth in section 4507.60 of the Revised Code." Ohio Rev. Code Ann. §4507.62 (Baldwin 1999).

4. The court also notes that 75 Pa.C.S. §1584, as amended, has a problem with its title. Section 1584 is entitled "Furnishing of information to other states." However, the December 21, 1998 amendment to section 1584 deals with information *received* from other party states. Article III, Section 3 of the Pennsylvania Constitution provides:

"No bill shall be passed containing more than one subject, *which shall be clearly expressed in its title*, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." (emphasis added) Under Article III, Section 3 a title is constitutional if it puts a reasonable person on notice of the general subject matter of the act. *In re Condemnation by PennDOT*, 511 Pa. 620, 626, 515 A.2d 899, 902 (1986). A title need not be an index or synopsis of an act's contents. *Id.* If a title is to be declared unconstitutional, it must be shown either that: (1) the legislators and the public were actually deceived as to the act's contents at the time of passage, or (2) that the title on its face is such that no reasonable person would have been on notice as to the act's contents. The amendment to section 1584 is clearly misleading, and does not give notice that it also deals with reports received from party states.

vided for the suspension of operating privileges as a result of out-of-state offenses, it could have chosen to do so. However, where the license suspension is based upon the compact, there must be compliance thereto.[5]

Thus, the court rejects the department's claim that section 1584 lessens and/or revokes the requirements for reporting an out-of-state conviction. Since the report from Ohio failed to include the requisite information in accordance with article III of the compact, the department was without basis to suspend Longstreth's operating privileges, and Longstreth's appeal will be sustained.

Hence this order:

## ORDER

And now, October 28, 1999, it is hereby ordered and decreed since the report from Ohio, as a party state to the driver's license compact, failed to include the requisite information in accordance with article III of the compact, the Department of Transportation was without authority to suspend the operating privileges of William E. Longstreth, and Longstreth's appeal is therefore sustained.

---

5. The reporting requirements of article III are an integral part of the compact. Only where the reporting state sufficiently identifies the individual, describes the violation including the section of the statute, code, or ordinance violated, and identifies the court with the resulting disposition, can a determination be made whether the offense is substantially similar. Without such information, there would be no means to make any such comparison, and suspensions could be imposed for an unknown variety of offenses.