**Thomas BRYNER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

**Roy A. DOUGHERTY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

**Michael PROZZOLY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 12, 1997.

Decided March 27, 1997.

Daniel K. Bricmont, Pittsburgh, for Petitioner.

Randall S. Brandes, Assistant Counsel, Harrisburg, for Respondent.

Before COLINS, President Judge, and McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY, FLAHERTY and LEADBETTER, JJ.

PELLEGRINI, Judge.

Before us are three consolidated appeals of Thomas Bryner, Roy A. Dougherty and Michael Prozzoly (collectively, Claimants), all of whom were denied unemployment compensation benefits by referees because they had insufficient wages to satisfy the financial eligibility requirements of the Unemployment Compensation Law (Law,)[1] because they were on workers' compensation during their base year. The Unemployment Compensation Board of Review (Board) affirmed the decision of each referee denying unemployment compensation benefits to each of the Claimants.[2]

The sole contention raised by all Claimants is that the 1993 amendment to Section 204 of the Workers' Compensation Act,[3] an amendment commonly referred to as "Act 44",[4] entitles unemployed claimants to use workers' compensation benefits received in their

---

**1.** Act of December 5, 1936, Second Ex.Sess., P.L. [1937] 2897, *as amended*, 43 P.S. §§ 751—914.

**2.** Thomas Bryner was employed at Corning, Inc., until June 11, 1992, when he sustained a work-related injury after which he received workers' compensation benefits at the rate of $455 per week. Bryner filed an application for unemployment compensation benefits on March 26, 1995, with a base year consisting of the last quarter of 1993 and the first three quarters of 1994. In 1994, Bryner's earnings from Corning, Inc. consisted of $677 in the first quarter of 1994 and $1,847 in the second quarter of 1994. Bryner had collected workers' compensation benefits during some portion of his base year. The Board's decision affirming the referee's denial of Bryner's unemployment compensation benefits was dated August 18, 1995.

Roy A. Dougherty was employed by Held's Construction until July 13, 1993, when he suffered a disabling work-related injury for which he received workers' compensation benefits at the rate of $237 per week from July 27, 1993 until October 24, 1994. Dougherty filed an application for unemployment compensation benefits on March 19, 1995, establishing a base year of October 1, 1993 until September 30, 1994. Claimant's only reported earnings were $26 in the third quarter of 1994. The Board affirmed the referee's denial of Dougherty's unemployment compensation benefits by order dated August 18, 1995.

Michael Prozzoly was employed by Hemscheidt Corporation until January 25, 1993, when he sustained a work-related injury for which he was paid compensation benefits at the rate of $374.38 per week. On April 30, 1995, Prozzoly filed an application for unemployment compensation benefits. During his base year of January 1, 1994 through December 31, 1994, Prozzoly had no earning other than his regular weekly workers' compensation payment of $374.38 per week. The Board affirmed the decision of the referee denying Prozzoly unemployment compensation benefits by order dated August 31, 1995.

**3.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71.

**4.** Act of July 2, 1993, P.L. 190, effective in 60 days.

base year as wages for purposes of determining financial eligibility for unemployment compensation under the Unemployment Compensation Law.[5]

In order to be eligible for any amount of unemployment compensation benefits under Section 404(c) of the Unemployment Compensation Law, 43 P.S. § 804(c), a claimant must meet two requirements. First, he or she must have sufficient qualifying wages under the table specified for Determination of Rate and Amount of Benefits in Section 404(e), 43 P.S. § 804(e), and second, he or she must have a sufficient number of "credit weeks" during a specified period of time. 43 P.S. § 804(c).

Along with another minor amendment which is not relevant here, Act 44 added a new subsection, subsection (b) to Section 204, which provides:

> (b) For the exclusive purpose of determining eligibility under the "Unemployment Compensation Law," weekly compensation paid to an employe under this act shall be deemed to be a *credit week* as that term is defined in the "Unemployment Compensation Law." (emphasis ours.)

By the addition of subsection (b) to Section 204 of the Workers' Compensation Act, Claimants contend that workers' compensation benefits paid to them during their base year include both credit weeks and wages for purposes of determining eligibility for unemployment compensation benefits under Section 401 and 404 of the Unemployment Compensation Law. Though Claimants concede that the coverage of "wages" is not explicitly mentioned by the statute, they assert that because the Unemployment Compensation Law defines both "credit weeks" and "wages" as "remuneration for services", that the leg-islative intent was to allow unemployment compensation claimants the right to include workers' compensation benefits received in a base year to constitute wages for that year.

Resort to legislative intent through statutory construction principles to determine whether the General Assembly meant the addition of subsection (b) to Section 204 is only necessary if "credit week" as used by the Unemployment Compensation Law is ambiguous. "Credit week" as used in this subsection is not ambiguous because, like the term "wages," it is a defined term in the Unemployment Compensation Law.[6] When the General Assembly added subsection 204(b) to allow workers' compensation benefits paid to be deemed a "credit week" for purposes of satisfying financial eligibility requirements under Section 404(c) of the Unemployment Compensation Law, it did so with the knowledge that both "credit weeks" and "wages" as defined in the Unemployment Compensation Law needed to be satisfied before unemployment compensation benefits could be granted. If it had wanted to give credit as "wages" under the Unemployment Compensation Law, it would have done so.

Because a claimant must establish that he *both* worked the required number of credit weeks *and* obtained the required amount of wages under Section 404(e) of the Unemployment Compensation Law, and Section 204(b) of the Workers' Compensation Act has included only "credit week" and not "wages", Claimants are not entitled to unemployment compensation benefits. Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 27th day of March, 1997, the decisions of the Unemployment Compen-

---

5. Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Code, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

6. The Unemployment Compensation Law defines "credit week" as "any calendar week in an individual's base year with respect to which he was paid in employment as defined in this act, remu-neration of not less than fifty dollars ($50)." 43 P.S. § 753(g.1). That Law defines "employment" as "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral ...". 43 P.S. § 753(*l*)(1). And "wages" are defined by the Unemployment Compensation Law as "all remuneration, ... paid by an employer to an employee to an individual with respect to his employment", limited by certain exceptions. 43 P.S. § 753(x).

sation Board of Review, No. B–339667, dated August 18, 1995, No. B–339681, dated August 18, 1995, and No. B340177, dated August 31, 1995, are affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent to the majority's conclusion that the amendment to Section 204 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71, does not entitle unemployed claimants to use workers' compensation benefits as wages for purposes of determining financial eligibility for unemployment compensation under the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. [1937] 2897.

As the majority notes, in order to be eligible to receive unemployment compensation benefits a claimant must have sufficient qualifying "wages" and a sufficient number of "credit weeks". The amendment to Section 204 of the Workers' Compensation Act provides that weekly workers' compensation benefits shall be deemed to be a "credit week" for purposes of determining eligibility under the Unemployment Compensation Law. Because this amendment does not specifically mention "wages" the majority concludes that workers' compensation benefits cannot be considered "wages" for purposes of determining a claimants unemployment compensation eligibility. I disagree.

The Unemployment Compensation Law defines "credit week" as "any calendar week in an individual's base year with respect to which he was paid ... *remuneration* of not less than fifty dollars ($50)." 43 P.S. § 753(g.1). "Wages" are defined as *"all remuneration* ... paid by an employer to an employee...." 43 P.S. § 753(x). Thus, in order to meet the "credit week" requirement a claimant must establish the receipt of "wages". If workers' compensation benefits are sufficient to establish the receipt of "wages" with respect to a "credit week", it follows that workers' compensation benefits must also satisfy the requirement of "wages" in determining unemployment compensation eligibility.

The General Assembly's intention to allow workers' compensation benefits to establish eligibility for unemployment compensation is evident in the amendment to Section 204 of the Workers' Compensation Act, which provides that it was enacted "for the exclusive purpose of determining eligibility for compensation under the 'Unemployment Compensation Law,' " and the pre-amendment language that grants employers a credit against the amount of a workers' compensation award for unemployment compensation benefits paid. 77 P.S. § 71(a).

Accordingly, I would reverse the Board and grant unemployment compensation benefits to each of the Claimants.

FRIEDMAN, J., joins in this dissent.