**Alan AUBERZINSKY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1998.

Decided Jan. 14, 1999.

Alan C. Blanco, Pittsburgh, for petitioner.

David B. Washington, Harrisburg, for respondent.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Alan Auberzinsky (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) which denied him benefits pursuant to Section 401(a) of the Unemployment Compensation Law (Law)[1] and Section 204(b) of the Workers' Compensation Act (Act).[2] The Board concluded that Claimant did not have sufficient base year wages under his application for benefits dated January 4, 1998, to financially qualify for unemployment com-

pensation benefits and that Section 204(b) of the Act was inapplicable in this case. We affirm.

The facts as found by the Board and not challenged by Claimant on appeal are as follows. Claimant was last employed by Clifton Steel from September 1991 with a last day of work on March 5, 1996. Claimant's employment ended as a result of a work related injury sustained on March 4, 1996. Claimant filed an application for unemployment compensation benefits effective March 5, 1996. His base year for that claim was from October 1994 through September 1995.[3] Claimant collected benefits on this claim and exhausted his entitlement during the week ending September 14, 1996.

After his injury at work, Claimant also filed a workers' compensation claim and was awarded benefits by a Workers' Compensation Judge (WCJ) for the period of March 4, 1996 through September 9, 1996, for his work related-injury. The WCJ found that Claimant had fully recovered from his work-related injury as of September 9, 1996.

After Claimant exhausted his first claim for unemployment benefits he filed another application for benefits effective January 4, 1998, utilizing a base year from October 1996 through September 1997. During this base year Claimant performed no services for any employer and was not paid any wages. In addition, Claimant did not receive any workers' compensation benefits during his base year.

The Job Center denied Claimant's application for benefits pursuant to Section 401(a) of the Law and Section 204(b) of the Act concluding that Claimant did not have sufficient base year wages to qualify for benefits under the Law and he did not meet the requirement under Section 204(b) of the Act. Claimant appealed this determination and the referee conducted a hearing at which only Claimant's counsel appeared. Claimant did not appear to provide testimony. The refer-

---

**1.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §801(a).

**2.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §71(b).

**3.** A base year is defined as the first four of the last five completed calendar quarters immediately preceding the first date of an individual's benefit year. Section 4(a) of the Law, 43 P.S. §753(a).

ee affirmed the Job Center and denied Claimant benefits. Claimant appealed to the Board which affirmed the referee's decision denying Claimant benefits. Claimant then filed this petition for review with the Court.

Claimant raises one issue for our review: whether the Board erred as a matter of law in concluding that Section 204(b) of the Act does not apply in this case.[4] Section 204(b) of the Act provides as follows:

> for the exclusive purpose of determining eligibility for compensation under the "Unemployment Compensation Law" an employee who does not meet the monetary and credit week requirements under Section 401(a) of the Law due to a work-related injury compensable under this Act may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

Essentially, the question to be examined is whether Claimant was prevented from working from October 1996 to September 1997, his base year, due to a work-related injury compensable under the Act, in order for Section 204(b) to apply. The Board concluded that the record lacked sufficient evidence to find that Claimant's failure to work and earn wages during his base year was due to a work-related injury compensable under the Act. Therefore, Section 204(b) of the Act was not applicable in this case. The Claimant contends that this conclusion was in error, arguing that Section 204(b) of the Act is applicable here because his failure to work during his base year was due to a work-related injury. Claimant also contends that the Board's interpretation of the Act is in direct contrast with the intent of the Act and is prohibitively narrow. We address Claimant's second contention first.

This is a case of first impression. This Court has not had the opportunity to examine Section 204(b) of the Act since its amendment in 1996. The Act as amended in 1996, clearly states that Section 204(b) is to be used to determine eligibility for compensation for an employee who does not meet the monetary and credit week requirement under the Law due to a work-related injury compensable under the Act. Pursuant to the Statutory Construction Act of 1972, 1 Pa.C.S. §1921(b), "when words of a statute are clear and free from all ambiguity, the letter of it will not be disregarded under the pretext of pursuing the spirit." Therefore, since Section 204(b) is free from all ambiguity, we cannot disregard the letter of the statute in favor of the spirit as Claimant would have the Court do.

Claimant argues that because he was off work due to a work-related injury during his base year Section 204(b) applies. Claimant's argument is flawed in two respects. First, Claimant's contention that he was off work due to a work-related injury is not a fact of record. As noted above, Claimant did not appear at the referee's hearing to offer testimony, nor is there any other competent evidence in the record to indicate that he was off work during the base year due to a work-related injury. The evidence available in the certified record indicates that Claimant had recovered from his work related injury as of September 9, 1996.

Second, Claimant's argument in favor of applying Section 204(b) in his situation ignores the phrase "compensable under the Act". The evidence of record, in the form of a decision and order of a WCJ, indicates that Claimant was fully recovered from his work-related injury as of September 9, 1996 and that he did not receive any workers' compensation benefits for any work-related injury during his base year as required by the Act. Claimant's base year, during which he did not work or earn wages, started in October 1996 and went through September 1997. Because Claimant had recovered and was not receiving workers' compensation benefits during this base year, this Court cannot conclude that his lack of base year wages was due to a work-related injury compensable under the Act as required by the statute.

---

**4.** In unemployment compensation cases our review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

It appears from Claimant's argument that he wants this Court to become the fact finder, ignore the decision of the WCJ that concluded that Claimant was recovered as of September 9, 1996 when his benefits were terminated, and then find facts not of record, *i.e.* that Claimant was off work during his base year due to a work-related injury compensable under the Act. This the Court cannot do. The Board is the final fact finder and arbiter of credibility. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985). Here the Board found the WCJ's decision credible, and there was no other contradictory testimony presented by Claimant. Therefore, the Board's findings are binding on this Court.

Based upon the plain language of the Act and the fact that Claimant was not off work during his base year due to a work-related injury compensable under the Act, we conclude that the Board did not err as a matter of law in concluding that Section 204(b) of the Act was not applicable in this case and denying Claimant benefits.[5] Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 14th day of January, 1999, the order of the Unemployment Compensation Board of Review at No. B–370081 is affirmed and benefits are denied.

---

**5.** We note that even had it been determined that Section 204(b) of the Act was applicable, Claimant would still be ineligible for benefits. The base year that Claimant would have used had he established that Section 204(b) applied would have been the four quarters immediately preceding his work-related injury. That time frame would have included January 1995 through December 1995. As indicated in the findings, Claimant had applied for and had already received benefits based on a base year that included the first three quarters of 1995. This Court has held that it was not the intention of the legislature to entitle a claimant to use the same quarter twice or, in other words, for two successive benefit years. *Lewis v. Unemployment Compensation Board of Review,* 71 Pa.Cmwlth. 412, 454 A.2d 1191 (Pa.Cmwlth.1983). In this case Claimant would not have been permitted to use the first three quarters of 1995 again. This would have left him with only one quarter to establish financial eligibility. However, under Section 401(c) of the Law, a claimant must be paid at least twenty percent of his total base year wages in one or more quarters other than the highest quarter in his base year in order to be financially eligible for benefits. Because Claimant would have had only one quarter that he had not already used, it is obvious that he did not have twenty percent of his earnings in a quarter(s) other that his highest and only quarter. Therefore, Claimant would have been financially ineligible even had he met his burden of showing that Section 204(b) of the Act was applicable.