768 A.2d 852

David E. RICHARDS,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW.

**Appeal of Board of Supervisors of Franklin Township, Intervenor.**

Supreme Court of Pennsylvania.

Argued Dec. 4, 2000.

Decided March 26, 2001.

Carol J. Mowery for Unemployment Comp. Board of Review.

Frank A. Natale, Ellwood City, for David Richards.

D. Michael Fisher, Harrisburg, for Atty. Gen.

Thomas L. Wenger, Harrisburg, for Board of Supervisors of Franklin Tp., Intervenor.

FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

We allowed appeal in this matter to resolve whether an unemployment compensation claimant, who had been receiving workers' compensation benefits, may rely upon his pre-injury wages to establish his base year for purposes of calculating unemployment compensation benefits, where it has been determined that the claimant had recovered from his injury and should not have been receiving workers' compensation benefits for a period of more than one year.

David E. Richards ("Claimant") was employed by the Board of Supervisors of Franklin Township ("Employer") as a laborer in the Recycling Center since February 21, 1990. On June 13, 1995, Claimant sustained an injury in the course of his employment, for which he received workers' compensation benefits pursuant to a notice of compensation payable. Upon his return to a light duty position on August 18, 1995, Claimant's benefits were evidently suspended. Claimant continued to work in a modified capacity until November 15, 1995, at which point his benefits were reinstated because of his inability to continue working in the light duty position.

On January 26, 1996, Employer filed a petition to suspend or terminate Claimant's benefits as of November 21, 1995, alleging a full recovery from the work-related injury and an ability to return to employment without restrictions. Employer also sought a supersedeas by application filed on April 22, 1996, which the Workers' Compensation Judge (the "WCJ") denied. Following hearings, the WCJ, in a decision issued on June 4, 1997, terminated Claimant's benefits as of November 21, 1995, finding that he had fully recovered as of that date. The Workers' Compensation Appeal Board (the "Board") affirmed the termination of benefits, as did the Commonwealth Court in a memorandum decision. *See Richards v. WCAB (Franklin Twp.),* No. 2960 C.D.1998 (Pa.Cmwlth. June 29, 1999).

On August 3, 1997, pending his appeal in the workers' compensation matter, Claimant applied for unemployment compensation benefits, asserting a base year of April 1, 1996, to March 31, 1997, the first four calendar quarters preceding his application for unemployment compensation benefits.[1] Denying Claimant's application, the Beaver Falls Job Center concluded that Claimant had not satisfied the eligibility re-

1. Section 401(a) of the Unemployment Compensation Law ("UC Law") requires that a claimant be paid wages for employment within his base year. Act of December 5, 1936 (Second Ex.Sess.), P.L. (1937) 2897, § 401(a), *as amended,* 43 P.S. § 801(a). A "base year" is defined as the "first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." 43 P.S. § 753(a).

quirements of Section 401(a), as he did not earn any wages during the designated base year. Claimant appealed this determination, citing to his receipt of workers' compensation benefits and contending that his base year should run from November 15, 1994, to November 15, 1995, in apparent reliance upon Section 204(b) of the Workers' Compensation Act ("WCA").[2]

Following a hearing, the unemployment compensation referee (the "Referee") determined that Claimant was entitled to the benefit of a moveable base year consisting of the four completed calendar quarters preceding his June 13, 1995, work injury, because he had been receiving workers' compensation benefits from November 15, 1995, to May 21, 1997, a period that otherwise would have served as Claimant's base year. The Referee thus reversed the determination of the Job Center and directed it to calculate Claimant's wages, credit weeks, and financial eligibility according to the specified moveable base year. Initially, the Unemployment Compensation Board of Review (the "UCBR") affirmed the Referee's order in a one-page decision, from which Employer appealed to the Commonwealth Court. Upon agreement of the UCBR and Employer, the Commonwealth Court remanded the matter to the UCBR for an evidentiary hearing and the issuance of a new decision. In that subsequent decision, the UCBR reversed the award of benefits, citing to the determination in the workers' compensation proceeding that Claimant had fully recovered from his injury as of November 21, 1995. Because of this determination, the UCBR reasoned, Claimant's inability to satisfy the financial eligibility criteria of Section 401(a)

**2.** Section 204(b) of the WCA provides that:

(b) For the exclusive purpose of determining eligibility for compensation under the act of December 5, 1936 (2nd Sp. Sess., 1937 P.L. 2897, No. 1), known as the "Unemployment Compensation Law," any employe who does not meet the monetary and credit week requirements under section 401(a) of that act due to a work-related injury compensable under this act may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

Act of June 2, 1915, P.L. 736, § 204, *as amended*, 77 P.S. § 71(b) (footnotes omitted).

did not result from a compensable injury, rendering inapplicable the moveable base year concept embodied in Section 204(b) of the WCA.

On Claimant's appeal, in which Employer intervened, the Commonwealth Court reversed, reasoning that Claimant's receipt of workers' compensation benefits permitted invocation of a moveable base year under Section 204(b) of the WCA, regardless of his entitlement to these benefits as ultimately determined by the Board. *See Richards v. UCBR*, 731 A.2d 214, 218 (Pa.Cmwlth.1999). The court distinguished its decision in *Auberzinsky v. UCBR*, 722 A.2d 1178 (Pa.Cmwlth. 1999), in which it held that the moveable base year could not be invoked by the claimant, reasoning that the work-related injury was not established as a fact of record in that case and that the claimant had received no workers' compensation benefits. *See id.* at 1180. The court explained that, unlike *Auberzinsky*, the facts of the present matter established that Claimant had indeed suffered an injury for which he received workers' compensation benefits. *See Richards*, 731 A.2d at 218. The court opined that a subsequent determination that Claimant had fully recovered prior to his base year was of no moment, as only the receipt of workers' compensation benefits was fully dispositive for purposes of Section 204(b) of the WCA. *See id.*[3] This Court granted Employer's Petition for Allowance of Appeal, limited to the question of Claimant's ability to avail himself of the moveable base year.

 There is no dispute that Claimant was receiving workers' compensation benefits for the calendar year preceding his application for unemployment compensation benefits, and therefore, the traditional base year concept contemplated by Section 401(a) of the UC Law is inapplicable. In contesting Claimant's ability to rely upon the moveable base year of Section 204(b) of the WCA, Employer argues that the applicability of that section must be ascertained through a construc-

---

**3.** The Commonwealth Court also rejected Employer's constitutional challenge to Section 204(b) under Article III, Section 3, of the Pennsylvania Constitution. *See Richards*, 731 A.2d at 218–19. That constitutional issue is not presently before the Court.

tion of its clear and unambiguous language. Citing to the determination in the workers' compensation proceedings that Claimant's disability had resolved as of November 21, 1995, Employer asserts that Claimant was not suffering a compensable injury as of that date. Employer thus argues that Claimant's inability to meet the monetary and credit week requirements of Section 401(a) of the UC Law was not "due to a work-related injury compensable under [the WCA]." 77 P.S. § 71(b).

Prior to 1993, workers' compensation benefits were not considered wages for purposes of the eligibility requirements of the UC Law, as such benefits were not made in consideration of services performed by a claimant. *See Swackhammer v. UCBR,* 86 Pa.Cmwlth. 293, 295, 484 A.2d 851, 852 (1984). In 1993, the Legislature effected substantial amendments to the WCA to decrease the costs associated with workers' compensation in Pennsylvania. This legislation, commonly referred to as Act 44, required, *inter alia,* providers treating injured employees to supply periodic reports to employers, limited the amounts that can be charged and the manner of billing for medical treatment, and included provisions governing insurance rates. In addition, Act 44 amended Section 204(b) to provide:

> For the exclusive purpose of determining eligibility for compensation under the ... "Unemployment Compensation Law," weekly compensation paid to an employee under this act shall be deemed to be a credit week as that term is defined in the "Unemployment Compensation Law."

*See* Act of July 2, 1993, P.L. 190, § 4 (subsequently amended).[4] Interpreting this amendment, the Commonwealth Court held that, while receipt of workers' compensation benefits may be used to establish a "credit week" for eligibility purposes under the UC Law, the Legislature's silence as to whether those

---

4. Section 4(g.1) of the UC Law defines a credit week as "any calendar week in an individual's base year with respect to which he was paid in employment as defined in this act, remuneration of not less than fifty dollars ($50)." 43 P.S. § 753(g.1). A claimant must possess a minimum amount of credit weeks to be eligible for unemployment compensation benefits. *See* 43 P.S. § 804(c).

benefits may also constitute wages for purposes of unemployment compensation suggested that they did not. *See Bryner v. UCBR,* 691 A.2d 1013, 1015 (Pa.Cmwlth.1997).

In an apparent response to the Commonwealth Court's holding in *Bryner,* the Legislature again amended Section 204(b) in 1996, incorporating the language that is presently before this Court. *See* Act of June 24, 1996, P.L. 350, § 3. Significantly, in doing so, the General Assembly did not merely insert the term "wages" into the statute; rather, it rewrote the entire section to specify that a moveable base year applies to a claimant who cannot satisfy the monetary and credit week requirements of the UC Law "due to a work-related injury compensable under the [WCA]. . . ." 77 P.S. § 71(b).[5]

The operative phrase, "compensable injury," has not been expressly defined by the Legislature. The WCA, however, does define an injury as "an injury to an employee, regardless of his previous physical condition, arising in the course of his employment and related thereto. . . ." 77 P.S. § 411. The addition of the modifier "compensable" in Section 204(b) must be given significance, as legislative enactments should not be construed to contain mere surplusage. *See* 1 Pa.C.S. § 1922(2); *Matter of Employees of Student Services, Inc.,* 495 Pa. 42, 52, 432 A.2d 189, 195 (1981); *Lynch v. Owen J. Roberts Sch. Dist.,* 430 Pa. 461, 469, 244 A.2d 1, 5 (1968). This significance can be determined by reference to the overall scheme of the WCA.

In this regard, the WCA provides for a continuation of benefits for circumstances in which there exists an uncertainty regarding a claimant's continued entitlement to receive those benefits. *See, e.g.,* 77 P.S. § 774 (providing that a termination,

5. The Legislature also amended Section 204(a) to limit the amount of compensation received by a disabled claimant, providing a credit against workers' compensation benefits for "[f]ifty per centum of the benefits commonly characterized as 'old age' benefits under the Social Security Act," as well as severance pay from the liable employer and benefits from any pension plan to the extent directly funded by the employer. *See* 77 P.S. § 71(a). Moreover, the Legislature imposed the duty upon claimants to regularly report the receipt of unemployment compensation benefits and wages received from other employment. *See* 77 P.S. § 71(c).

suspension, or modification petition acts as an automatic request for a supersedeas only where there is an allegation that the employee has fully recovered that is supported by an affidavit from a physician); 77 P.S. § 774.1 (imposing a penalty upon an insurer who wrongfully suspends, terminates, or decreases compensation payments). These provisions further the humanitarian purposes of the WCA by avoiding a cessation of benefits to which a claimant may be entitled and would suffer irreparable harm if denied, pending a final adjudication of a claimant's continued eligibility. In exchange, the WCA minimizes the detriment visited upon employers during periods of uncertainty, as they may seek reimbursement from the Supersedeas Fund for compensation later determined to be not payable, provided that they timely requested and were denied a supersedeas. *See* 77 P.S. § 999(a).[6]

The continuation of benefits during the pendency of uncertain cases, however, should not impose upon employers liability *ad infinitum. Cf. Gulick v. WCAB (Pepsi Cola Operating Co.)*, 711 A.2d 585, 588 (Pa.Cmwlth.1998) (recognizing that "the continuation of workers' compensation payments is not necessarily intended to be eternal and immutable"); *Southern Chester County Hosp. v. WCAB*, 676 A.2d 315, 317 (Pa. Cmwlth.1996) (explaining that an employer is not liable for medical expenses after the date of a termination order). While a claimant's receipt of benefits for an otherwise noncompensable injury pending an adjudication of his eligibility furthers the humanitarian purposes of the WCA, those objectives cannot provide a basis for disregarding the expressed legislative intent gleaned from the statutory language. *See Armco, Inc. v. WCAB (Mattern)*, 542 Pa. 364, 375, 667 A.2d 710, 715 (1995) (stating that the terms of the WCA may not be disregarded under the guise of pursuing the spirit of the statute); *Markle v. WCAB (Caterpillar Tractor Co.)*, 541 Pa. 148, 157, 661 A.2d 1355, 1359–60 (1995) (same).

6. Section 443(a) of the WCA distinguishes between compensation received and compensation that was payable, suggesting a difference between benefits obtained under the procedural protections of the WCA and those to which a claimant is substantively entitled. *See* 77 P.S. § 999(a).

 The requirement that the injury be compensable for purposes of Section 204(b) draws a distinction based upon the reasons that a claimant had received benefits and requires that the injury be one for which a claimant is entitled to benefits under the substantive, as opposed to the procedural, provisions of the WCA. The distinction between the receipt of benefits and the compensability of the injury not only appears in the language of the WCA itself, *see supra* note 5,[7] but also exists in judicial constructs developed under the framework of the WCA. Indeed, the Commonwealth Court has recognized a distinction between a compensated injury and compensable injury, *see Penn Steel Foundry & Machine Co. v. WCAB (Wagner)*, 122 Pa.Cmwlth. 171, 175, 551 A.2d 653, 655 (1988), *overruled, City of McKeesport v. WCAB (Miletti)*, 715 A.2d 532 (Pa.Cmwlth.1998), *rev'd,* 560 Pa. 413, 746 A.2d 87 (2000),[8] and this Court has held that a compensable injury may have occurred although it was not compensated, differentiating between the two concepts. *See City of McKeesport*, 560 Pa. at 418–19, 746 A.2d at 89–90. This Court has also suggested a distinction between a compensated and compensable injury by holding that a claimant's receipt of compensation does not necessarily establish an entitlement to that compensation. *Cf. Waugh v. WCAB (Blue Grass Steel)*, 558 Pa. 400, 405, 737 A.2d 733, 736–37 (1999) (recognizing the right of an employer to seek to set aside a notice of compensation payable for a mistake of fact where compensation was promptly paid before investigation) (citing *Barna v. WCAB (Jones & Laughlin Steel Corp.)*, 513 Pa. 518, 522 A.2d 22 (1987)).[9]

**7.** *See also* 77 P.S. § 774 (providing for a supersedeas on an employer's petition that alleges full recovery and is accompanied by an affidavit of a physician).

**8.** Although the Commonwealth Court overruled *Penn Steel Foundry* in *City of McKeesport, see* 715 A.2d at 536, this Court subsequently reversed the Commonwealth Court's decision in *City of McKeesport* and cited *Penn Steel Foundry* with evident approval. *See City of McKeesport*, 560 Pa. at 418, 746 A.2d at 90.

**9.** A compensable injury has acquired a particularized meaning through case law, which requires a claimant to demonstrate a causal relationship between the injury and employment to establish compensability. *See, e.g., Fotta v. WCAB (U.S.Steel)*, 534 Pa. 191, 194, 626 A.2d 1144, 1146 (1993). Even with the necessary causal relationship, an injury is

While the legislative objective for conditioning the availability of a moveable base year upon the existence of a compensable injury cannot be determined with absolute certainty, it is not unreasonable for the Legislature to have drawn the distinction that we have discerned. As noted, the UC Law and the WCA manifest various legislative efforts to define and coordinate benefits and, correspondingly, to limit an employer's overall liability. Although restricting application of Section 204(b) to compensable injuries may preclude certain claimants from receiving unemployment compensation benefits because of a protracted workers' compensation proceeding, it is noteworthy that such claimants frequently will experience a period of benefits under the procedural protections of the WCA to which they were not substantively entitled and for which they will not be held accountable. It would thus appear that the Legislature may have made a policy decision to strike a balance between the respective interests involved.

In the present matter, although Claimant received workers' compensation benefits until June 4, 1997, the WCJ's decision established that the work-related disability had ceased as of November 21, 1995, and that Claimant could have returned to work as of that date. As such, Claimant's inability to establish a base year in the period immediately preceding his application for unemployment compensation benefits did not result from a compensable, work-related injury, although he received benefits during that time. Consistent with the statutory scheme of the WCA, we conclude that Claimant cannot rely upon Section 204(b) to establish a moveable base year that pre-dates his 1995 work injury and, thus, does not satisfy the eligibility requirements of Section 401(a) of the UC Law.

not compensable unless it results in some disability, i.e., a loss of earning power. *See generally Vista Int'l Hotel v. WCAB (Daniels)*, 560 Pa. 12, 23–24, 742 A.2d 649, 655–56 (2000); *Inglis House v. WCAB (Reedy)*, 535 Pa. 135, 142, 634 A.2d 592, 596 (1993). Furthermore, a work-related injury may not be compensable because it is barred by a procedural provision of the WCA. *See* 77 P.S. § 602 (requiring the filing of a claim petition within three years of the date of injury); *see also* 77 P.S. § 631 (mandating the provision of notice to the employer within 120 days of the injury).

Accordingly, the order of the Commonwealth Court is reversed.

ZAPPALA, J., concurs in the result.