**Leo R. BOSCH, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 17, 2012.

Decided Nov. 7, 2012.

Paul M. Silver, Wynnewood, for petitioner.

Judith M. Gilroy, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Leo R. Bosch (Claimant) petitions for review of the April 5, 2012 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination that Claimant is ineligible for benefits pursuant to section 401(a) of

the Unemployment Compensation Law (Law).[1] We affirm.

Claimant last worked for Truck Insurance Exchange (Employer) as an auto damage appraiser. On May 5, 2010, Claimant filed a claim for workers' compensation benefits alleging that he suffered a work-related injury on February 22, 2010, and seeking total disability benefits from that date. For the second and third quarters of 2010, Claimant received a total of $19,947 in short-term disability insurance benefits. On March 15, 2011, Claimant signed a Compromise and Release (C & R) agreement with Employer's workers' compensation insurance carrier. The C & R specifically stated that Employer did not recognize any liability for Claimant's injury and had a reasonable basis to contest his claim. The C & R further provided that approval of the agreement would render all pending petitions moot, including the claim petition. (Board's Findings of Fact, Nos. 1–8.)

Claimant filed an application for unemployment compensation on August 21, 2011, resulting in a base year of April 10, 2010, to March 31, 2011. The local service center determined that Claimant was ineligible for benefits pursuant to section 401(a) of the Law because Claimant did not report sufficient wages in that base year to qualify for benefits. The service center further determined that Claimant was not entitled to rely on section 204(b) of the Workers' Compensation Act (WC Act)[2] and elect to use an alternate base year because Claimant's injury was not determined to be compensable.

Claimant appealed, and a referee held a hearing at which Claimant and agency representative Ida Dunn testified.[3] Claimant stated that he earned no wages after his February 2010 injury and received only short-term disability benefits. Claimant also testified about the injury he sustained on February 22, 2010, and he submitted medical records to support his testimony. Claimant acknowledged that he received no workers' compensation benefits for the injury and that he had signed a C & R agreement.

The referee determined that Claimant was ineligible for benefits pursuant to section 401(a) of the Law because he had not earned sufficient wages during his base year. The referee also concluded that Claimant was not entitled to use an alternate base year pursuant to section 204(b) of the WC Act because the C & R expressly stated that Employer did not accept liability for his injury and, therefore, Claimant did not demonstrate that his

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801(a). Section 401(a) provides that compensation shall be payable to any employee who is or becomes unemployed and who has earned wages for employment within his base year. "Base year" is defined as the first four of the last five completed calendar quarters immediately preceding the application for benefits. Section 4 of the Law, 43 P.S. § 753(a). Section 404(c) of the Law, 43 P.S. § 804(c), sets forth the financial eligibility requirements for securing compensation.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(b). This provision of the WC Act states as follows:

For the exclusive purpose of determining eligibility for compensation under the [Unemployment Compensation Law], any employe who does not meet the monetary and credit week requirements under section 401(a) of that act due to a work-related injury *compensable under this act* may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

77 P.S. § 71(b) (emphasis added).

3. Employer did not attend or otherwise take part in the hearing.

work injury was compensable. Accordingly, the referee affirmed the job center's determination. Claimant appealed to the Board, which affirmed the referee's decision.

■ On appeal to this Court,[4] Claimant argues the Board erred in holding that he was not entitled to use an alternate base year pursuant to section 204(b) of the WC Act because he presented evidence at the referee's hearing that his injury was compensable. We disagree.

In *Richards v. Unemployment Compensation Board of Review*, 564 Pa. 375, 768 A.2d 852 (2001), our Supreme Court explained that, under workers' compensation law, an injury can be compensable even if it has not been compensated, and, conversely, a claimant may be compensated for an injury that is ultimately determined *not* to be compensable. The court held in *Richards* that in order to use an alternate base year as provided by section 204(b) of the WC Act, the claimant must be *entitled* to compensation.

The claimant in *Richards* suffered an injury on June 13, 1995, and received workers' compensation from June 1995 to June 4, 1997. On June 4, 1997, a workers' compensation judge terminated the claimant's benefits effective November 21, 1995. The claimant subsequently filed for unemployment benefits, using a base year of April 1, 1996 to March 31, 1997. The local job center denied his application on the basis that he did not earn any wages during his base year. The claimant appealed, requesting to use an alternate base year as provided by section 204(b) of the WC Act. A referee determined that the claimant was entitled to use a moveable base year as provided by section

204(b) of the WC Act because he had received workers' compensation benefits from November 15, 1995, to May 21, 1997. The Board ultimately reversed the referee's decision. This Court then reversed the Board's order, reasoning that the claimant was entitled to use an alternate base year as provided by the WC Act because he had received workers' compensation benefits.

However, on further appeal, our Supreme Court in *Richards* clarified that, because the procedural provisions of the WC Act require employers and insurers to commence payment of benefits pending a final determination of the claimant's entitlement to them, a claimant's receipt of benefits, in and of itself, does not establish that the claimant suffered a compensable injury. The court interpreted the phrase "injury compensable under this act" as used in section 204(b) of the WC Act to mean an injury "for which a claimant *is entitled* to benefits under the substantive, as opposed to the procedural provisions" of the WC Act. *Richards*, 564 Pa. at 383, 768 A.2d at 856 (emphasis added). Our Court relied on *Richards* in *Jackson v. Unemployment Compensation Board of Review*, 933 A.2d 155 (Pa.Cmwlth.2007). In that case the claimant left work due to health problems and received disability benefits from the employer's insurance carriers for several years. When the claimant eventually applied for unemployment benefits, the local service center determined that he was not financially eligible pursuant to section 401(a)(2) of the Law. The referee, the Board, and this Court affirmed. We noted that, although a trial court had ruled that the claimant's civil action against his employer was

---

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

barred by the WC Act, the claimant never filed a claim petition and was time barred from doing so. We held that because the claimant could not establish a compensable injury, he was not eligible to use an alternate base year to establish his eligibility for unemployment benefits.

In this case, Claimant settled his workers' compensation claim without establishing that he suffered an injury compensable under the WC Act. *Richards.* The C & R stated that Employer did not accept liability for the injury and had a reasonable basis to contest the claim. In other words, Claimant did not show an injury for which he *is entitled* to benefits. Although Claimant submitted evidence concerning the nature and extent of that

injury, the Board has no authority to adjudicate the merits of a workers' compensation claim.

Accordingly, we affirm.

## *ORDER*

AND NOW, this 7th day of November, 2012, the order of the Unemployment Compensation Board of Review, dated April 5, 2012, is affirmed.