**Ryan R. BROWN, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 2014.

Decided March 19, 2014.

Mark A. Krochka, New Castle, for petitioner.

Judith M. Gilroy, Assistant Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, BROBSON, Judge, and COVEY, Judge.

OPINION BY Judge COVEY.

Ryan R. Brown (Claimant) petitions this Court for review of the Unemployment Compensation Board of Review's (UCBR) April 24, 2013 order affirming the Referee's decision that Claimant is not financially eligible for unemployment compensation (UC) benefits. The issue for this Court's review is whether the UCBR erred when it allegedly capriciously disregarded two pay statements Claimant received during his base year and by concluding that Claimant was not entitled to use wages from an alternate base year immediately prior to his worked-related injury in order to qualify for UC benefits. Upon review, we affirm.

Claimant was employed by the Pennsylvania Department of Public Welfare (Employer) as a full-time youth development aide from September 2008 through Janu-

ary 20, 2010. Claimant worked at Employer's Youth Development Center, which Claimant described as a secure facility where he worked with violent criminal offenders. On January 20, 2010, Claimant sustained a work-related injury while restraining a resident at the facility. Claimant's injury was deemed compensable under the Workers' Compensation (WC) Act[1] (WCA) effective January 21, 2010.

Claimant filed an application for UC benefits with an effective date of October 7, 2012, thereby establishing a base year of July 30, 2011 through June 30, 2012. Claimant had insufficient wages during that base year to qualify for UC benefits and, thus, pursuant to Section 204(b) of the WCA,[2] requested an alternate base year of the four quarters immediately prior to his January 20, 2010 work-related injury. On January 18, 2013, the Erie UC Service Center (Service Center) issued a determination concluding that because a WC Judge (WCJ) ordered on May 23, 2011 that Claimant's WC benefits be suspended/terminated effective July 19, 2010, Claimant's financial ineligibility due to a lack of sufficient wages during the base year beginning July 30, 2011 was not due to a compensable injury. Accordingly, Claimant could not elect an alternate base year.

Claimant appealed from the Service Center's determination and, on March 6, 2013, a Referee hearing was held. Although notified of the hearing date, time and location, Employer did not attend the hearing. During the hearing, Claimant's hearsay objection was sustained to the introduction of the WCJ's May 23, 2011 decision suspending/terminating WC benefits. Claimant introduced into evidence Employer pay statements for July 22, 2011

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

2. 77 P.S. § 71(b).

and August 5, 2011 which identified compensation paid to Claimant as "Act 534/632 Dis Sal Comp."[3] Original Record (O.R.) Item 5. On March 14, 2013, the Referee affirmed the Service Center's determination finding that although Claimant had a compensable work-related injury in January 2010 under the WCA, there was no evidence to establish that Claimant continued to receive WC benefits during his base year. The Referee concluded that Claimant did not establish that his compensable injury affected his base year eligibility for UC benefits and, thus, Claimant could not use an alternate base year to determine his eligibility for UC benefits.

Claimant appealed from the Referee's decision to the UCBR. On April 24, 2013, the UCBR affirmed the Referee's decision, adopting and incorporating her findings, and noting that "[t]he record indicates that the claimant's [WC benefits] w[ere] terminated prior to his base year. As of that time, his lack of wages was no longer due to a compensable injury." UCBR Order, April 24, 2013 (UCBR Order).[4] Claimant appealed to this Court.[5]

At the time Claimant filed his application for UC benefits, Section 401 of the Unemployment Compensation Law (Law)[6] stated:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
>
> (a) Has, within his base year, been paid wages for employment as required by section 404(c) of this act: Provided, however, That not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.

Section 4(a) of the Law defines base year as "the first four of the last five completed calendar quarters immediately

---

**3.** Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §§ 951–952 (Act 534). Act 534 provides benefits to certain public employees who are injured under certain enumerated circumstances.

> The Act, as originally enacted in 1959, covered only employees of state penal and correctional institutions and was commonly referred to as Act 632. In 1961, the Legislature amended Section 1 of Act 632 and extended benefits to employees of state mental hospitals, youth development centers and county boards of assistance, and employees of the Department [of Public Welfare] who have been assigned to or have volunteered to join the firefighting force of the Department's institutions. The Act, as amended in 1961, is commonly known as Act 534. Act 534 was repealed by Section 11(d) of the Act of August 11, 2009, P.L. 147, effective October 13, 2009, to the extent that it covered employees of state correctional institutions. Benefits of those employees are now provided in Section 1101 of the Prisons and Parole Code, 61 Pa.C.S. § 1101.

*McWreath v. Dep't of Pub. Welfare,* 26 A.3d 1251, 1254 n. 2 (Pa.Cmwlth.2011).

**4.** Because the Referee sustained Claimant's objection to the WCJ's May 23, 2011 decision, it is unclear on what evidence the UCBR relied in concluding that "[C]laimant's [WC] was terminated prior to his base year." UCBR Order. However, Claimant did not challenge the UCBR's finding and, therefore, the argument is waived. *See Tyler v. Unemployment Comp. Bd. of Review,* 139 Pa. Cmwlth. 598, 591 A.2d 1164 (1991). Notwithstanding, we affirm based upon the Referee's decision, adopted and incorporated by the UCBR, which did not rely upon the WCJ's May 23, 2011 decision suspending/terminating WC benefits.

**5.** This Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed. *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review,* 906 A.2d 657 (Pa. Cmwlth.2006).

**6.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801.

preceding the first day of an individual's benefit year." 43 P.S. § 753(a). However, Section 204(b) of the WCA provides:

> For the exclusive purpose of determining eligibility for compensation under the [Law], any employe who does not meet the monetary and credit week requirements under [S]ection 401(a) of [the Law] due to a work-related injury compensable under this act may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

77 P.S. § 71(b).

Our Supreme Court has explained:

> The requirement that the injury be compensable for purposes of Section 204(b) [of the WCA] draws a distinction based upon the reasons that a claimant had received benefits and requires that the injury be one for which a claimant is entitled to benefits under the substantive, as opposed to the procedural, provisions of the WCA. The distinction between the receipt of benefits and the compensability of the injury not only appears in the language of the WCA itself, but also exists in judicial constructs developed under the framework of the WCA. Indeed, the Commonwealth Court has recognized a distinction between a compensated injury and compensable injury, and this Court has held that a compensable injury may have occurred although it was not compensated, differentiating between the two concepts. This Court has also suggested a distinction between a compensated and compensable injury by holding that a claimant's receipt of compensation does not necessarily establish an entitlement to that compensation.

*Richards v. Unemployment Comp. Bd. of Review,* 564 Pa. 375, 383, 768 A.2d 852,

856–57 (2001) (citations and footnotes omitted). In *Richards,* the claimant attempted to use an alternate base year as provided in Section 401(a) of the WCA to qualify for UC benefits. The claimant had received WC benefits for an injury that occurred in early 1995. In mid–1997, a WCJ determined that the claimant's work-related disability actually ended in late 1995 and, therefore, terminated benefits. The Supreme Court noted that although the claimant had received benefits through 1997, his compensable injury ended in 1995 and, therefore, he could not use the movable base year under Section 401(a) of the WCA.

 "A claimant has the burden to prove financial eligibility for unemployment benefits." *Pagliei v. Unemployment Comp. Bd. of Review,* 37 A.3d 24, 26 (Pa. Cmwlth.2012). In the instant matter, although it is clear that Claimant's injury was deemed compensable under the WCA in January 2010, there is no record evidence that Claimant's injury continued to be compensable during his base year. Contrary to Claimant's contention, his pay statements do not evidence that his compensable injury continued during his base year. Rather, those payments reference "Act 534/632 Dis Sal Comp." O.R. Item 5. Payments made under Act 534 are not determinative of whether Claimant's injury was compensable under the WCA. This Court has stated:

> [T]he provisions of Act 534 exist independently from the WCA, and that the grant or denial of benefits under Act 534 could not be conditioned upon a prior decision by a WCJ or the Board under the WCA. Similarly, we will not condition the grant or denial of workers' compensation benefits upon a prior decision by [the Department of Public Welfare ( ]DPW[) ] under Act 534. To impose such a requirement would effectively elevate Act 534 to a privileged position

superior to that held by the WCA.... Although sharing a similar purpose, the two acts operate separately from one another, requiring independent action, after a full due process hearing by the respective governmental bodies which have been delegated to adjudicate such claims, before benefits under either act may be terminated. While in practice, employers may ordinarily attempt to terminate benefits under Act 534 first, since such benefits are greater than those which are owed under the WCA, neither statute prevents employers from initiating proceedings under the WCA before, after, or simultaneously with, proceedings under Act 534.

*Polk Ctr./Dep't of Pub. Welfare v. Workmen's Comp. Appeal Bd. (Pochran)*, 682 A.2d 889, 894 (Pa.Cmwlth.1996); *see also Hardiman v. Dep't of Pub. Welfare*, 121 Pa.Cmwlth. 120, 550 A.2d 590 (1988); and *McAnallen v. Unemployment Comp. Bd. of Review*, 86 Pa.Cmwlth. 77, 483 A.2d 1057 (1984). Thus, Claimant's receipt of Act 534 benefits during his base year was not proof that Claimant's inability to "meet the monetary and credit week requirements under [S]ection 401(a) of [the Law]" was "due to a work-related injury compensable under [the WCA.]" 77 P.S. § 71(b). Because Claimant failed to meet his burden to demonstrate financial eligibility, the UCBR did not err when it affirmed the Referee's decision denying UC benefits.

For all of the above reasons, we affirm the UCBR's order.

### ORDER

AND NOW, this 19th day of March, 2014, the Unemployment Compensation Board of Review's April 24, 2013 order is affirmed.