# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelo Scott, : 
      Petitioner : 
          : 
    v.      :  No. 736 C.D. 2024
          :  Submitted: May 6, 2025
Unemployment Compensation Board  : 
of Review,        : 
      Respondent  : 


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER   FILED: June 4, 2025

  Angelo Scott (Claimant), proceeding pro se, petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board), which affirmed a decision by a referee that found Claimant financially ineligible for benefits. Before this Court, Claimant argues the UC benefits received from another state should count towards base year wages. He also argues he should be found eligible as he is a whistleblower and left his employment due to alleged health and safety concerns. Upon review, we are constrained to affirm.

  On January 6, 2023, Claimant filed a claim for UC benefits, effective as of January 1, 2023. (Certified Record (C.R.) at 3.) On February 10, 2023, the Department of Labor and Industry, Bureau of Unemployment Compensation

(Department) issued a Notice of Financial Redetermination[1] finding Claimant financially ineligible for UC benefits because he had no wages during the base year of October 2021 through September 2022.[2] (*Id.* at 17.) Claimant appealed the determination asserting the same arguments as he does now, that he was receiving UC benefits in New Jersey, which should count towards his base year wages, and that he was being retaliated against for raising health and safety concerns with his employer. (*Id.* at 29-30.)

The matter was assigned to a Referee and a hearing was held, in which Claimant and a UC Tax Technician of the Department participated. At the hearing, Claimant requested an alternative base year because he "would've stayed employed at the company . . . [b]ut due to [its] misconduct." (*Id.* at 65.) Claimant stated he did not understand why workers' compensation benefits would count but not UC benefits, since both are state programs. (*Id.* at 65-66.)

UC Tax Technician testified she was assigned to Claimant's wage protest to verify the wages. UC Tax Technician stated she was not sure why the Notice of Financial Redetermination indicated no wages, as the wages that were originally obtained from the UC Management System were the same as those subsequently confirmed by Claimant's employer. (*Id.* at 67-68.) Those amounts, for the base year of October 2021 through September 2022, totaled $10,637.55, representing $720.00 for the April through June 2022 quarter and $9,917.55 for the July through

---

[1] It is not clear from the record why a Notice of Financial **Re**determination was issued. There is no indication in the record that another one had been issued. The UC Tax Technician who testified also could not explain what occurred. (C.R. at 71.) At the end of the hearing, there was discussion about possibly remanding the matter for a new determination; however, Claimant said "[n]o, it's not going to change." (*Id.* at 71-74.)

[2] "Base year" is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(a) of the Law, 43 P.S. § 753(a).

September 2022 quarter. (*Id.* at 67; *see also id.* at 12.) Claimant testified he started working at the end of June 2022, so the numbers appeared correct, and he had no further wages to report for the base year.[3] (*Id.* at 68-69, 74.)

Based on the evidence presented, the Referee found, in relevant part, as follows:

1. For purposes of this appeal, [] [C]laimant filed an application for . . . []UC[] benefits with an effective date of January 1, 2023.

2. On February 10, 2023, the UC Service Center issued [the Notice of Financial Red]etermination that found [] [C]laimant financially ineligible for UC benefits because there were not enough base year wages reported for [] [C]laimant.

3. [] [C]laimant did not dispute the Department's findings from [] [C]laimant's previous employer's Wage Request response.

4. [] [C]laimant did not present additional base year wages.

(Referee's Decision, Findings of Fact (FOF) ¶¶ 1-4.) The Referee explained that Claimant did not dispute the wages presented by the Department and did not present evidence of additional covered wages. (Referee's Decision at 2.) The Referee affirmed the Monetary Determination, concluding Claimant was financially ineligible for benefits. (*Id.*)

Claimant appealed to the Board, which affirmed. The Board adopted and incorporated the Referee's findings and conclusions. The Board noted Claimant agreed that the reported earnings were accurate. (Board Order at 1.) Accordingly, the Board determined Claimant had insufficient wages during the base year and did

---

[3] Claimant testified he obtained a new job in March 2023, but the Referee explained that was outside the relevant base year. (C.R. at 69.) Claimant also tried to explain the circumstances surrounding his separation from employment and submitted numerous exhibits related to this, but the Referee explained the sole issue at this hearing was financial eligibility. (*Id.* at 69-70.)

not financially qualify, citing Section 404 of the UC Law (Law).[4] (*Id.* at 2.) Further, to the extent Claimant argued the Board should use an alternative base year, the Board explained Section 404 did not permit it to do so. (*Id.*)

Claimant filed a timely Petition for Review with this Court.[5] Before this Court, Claimant raises the same arguments he has raised throughout the proceedings. Specifically, he asserts an exception should be made and an alternative base year should be provided, which would permit his UC benefits from New Jersey to count, similar to workers' compensation benefits. He also reiterates his claim that his separation was due to his employer's misconduct, for which he acted as a whistleblower.[6]

Section 401 of the Law sets forth the qualifications for UC benefits, which include financial and non-financial criteria. 43 P.S. § 801. Relevant for purposes of this matter are the financial qualifications in Section 401(a), which provides that the employe "[h]as, within his base year, been paid wages for employment as required by [S]ection 404(c) of th[e A]ct[,]" and "not less than thirty-seven per centum (37%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year." 43 P.S. § 801(a). "Wages" are defined as "all remuneration . . . paid by an employer to an individual with respect to his employment," with some exceptions. 43 P.S. § 753(x). Further, Section 404(c) provides "an otherwise eligible employe [must have] base year wages in an amount equal to or in excess of the amount of qualifying wages appearing in Part C

---

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804.

[5] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[6] The Board elected not to file a brief in this matter.

4

of the Table Specified for the Determination of Rate and Amount of Benefits" (Table) in order to receive those benefits. 43 P.S. § 804(c). As we previously explained:

> In order to determine financial eligibility, a claimant must determine his highest quarterly wage, under Part A of the [T]able, earned during the relevant base year.[] The highest quarterly wage then determines the corresponding weekly benefit rate in Part B of the [T]able, [S]ection 404(a)(1) of the Act, 43 P.S. § 804(a)(1), and total amount of compensation in Parts D and E.[] To be eligible for benefits, however, a claimant must have earned base year wages "equal to or in excess of" the amount of qualifying wages set forth in Part C of the [T]able which corresponds to the weekly benefit rate. Section 404(c) of the Act. The [T]able is designed to require that a claimant earn a certain percentage of wages outside the highest quarter, therefore, indicating a genuine attachment to the labor force. *Martin v. Unemployment Comp*[.] *B*[*d.*] *of Rev*[.], . . . 466 A.2d 107 ([Pa.] 1983).

*Dep't of Lab. & Indus., Off. of Emp. Sec. v. Unemployment Comp. Bd. of Rev.*, 530 A.2d 129, 129-30 (Pa. Cmwlth. 1987) (internal footnotes omitted). "Sections 401 and 404 of the Law are explicit and leave no room for a more flexible, compassionate interpretation." *Devine v. Unemployment Comp. Bd. of Rev.*, 101 A.3d 1235, 1239 (Pa. Cmwlth. 2014).

Claimant's benefit year was effective January 1, 2023. Therefore, his base year was the fourth quarter of 2021 (October through December) through the third quarter of 2022 (July through September). 43 P.S. § 753(a). Claimant's earnings, which he did not dispute, were $720.00 for the second quarter of 2022 (April through June) and $9,917.55 for the third quarter of 2022 (July through September). When those amounts are added together, Claimant's base year wages were $10,637.55. Thirty-seven percent of those base year wages is $3,985.89, but Claimant was only paid $720.00 outside of his highest quarter. Further, pursuant to the Table, for a

highest quarterly wage between $9,913.00 and $9,937.00, such as Claimant's, Claimant would be eligible or $391.00 per week, provided his base year wages were at least $15,774.00, which they were not. Thus, Claimant did not satisfy the Act's financial requirements. Nonetheless, Claimant argues his UC benefits from New Jersey should be considered. However, as the Referee and Board both stated, there is no statutory authority to do so. Even when a claimant just barely misses eligibility, we have been constrained to follow the clear language of the statute. *See Dep't of Lab. & Indus.*, 530 A.2d at 132 (upholding determination that the claimant was not financially eligible when the claimant earned four cents less than the qualifying wage); *Grossinger v. Unemployment Comp. Bd. of Rev.*, 485 A.2d 80, 83 (Pa. Cmwlth. 1984) (upholding the "harsh result" of denying benefits when a claimant earned two dollars less than the qualifying wage). Unfortunately, we must likewise do so here. *See Allright Auto Parks, Inc. v. Zoning Bd. of Adjustment of City of Phila.*, 529 A.2d 546, 549 (Pa. Cmwlth. 1987) ("[T]here is no judicial authority to rewrite laws for the purpose of improving them or to restructure them in accordance with what might have been the hopes of nonlegislative advocates.").

Furthermore, Claimant's comparison of UC benefits to workers' compensation benefits does not change the result. While Claimant is correct that both are state benefits, contrary to Claimant's assertion, workers' compensation benefits do not count towards base year wages. As we explained in *Bryner v. Unemployment Compensation Board of Review*, Section 204(b) of the Workers' Compensation Act[7] provides for an alternative base year, not for workers'

---

[7] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71(b). This Section provides:

For the exclusive purpose of determining eligibility for compensation under . . . the . . . Law, any employe who does not meet the monetary and credit week

**(Footnote continued on next page…)**

6

compensation benefits to count as "wages" for purposes of determining financial eligibility in the UC context. 691 A.2d 1013, 1015 (Pa. Cmwlth. 1997). *See also Logan v. Unemployment Comp. Bd. of Rev.*, 103 A.3d 451, 453 (Pa. Cmwlth. 2014) (explaining workers' compensation benefits are not wages under the Law). Simply put, there is no statutory authority to do what Claimant requests.

Because Claimant did not meet his burden of establishing financial eligibility, *Pagliei v. Unemployment Compensation Board of Review*, 37 A.3d 24, 26 (Pa. Cmwlth. 2012), we are constrained to affirm the Board's Order.[8]

_____
**RENÉE COHN JUBELIRER,** President Judge

---

requirements under [S]ection 401(a) of that act due to a work-related injury compensable under this act may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

*Id.*

[8] To the extent Claimant argues his separation from employment was in retaliation for reporting alleged health and safety violations by his employer, as the Referee explained at the hearing, only the issue of financial eligibility is properly before us in this proceeding.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelo Scott,                                        :
                    Petitioner                       :
                                                     :
            v.                                       :     No. 736 C.D. 2024
                                                     :
Unemployment Compensation Board                      :
of Review,                                           :
                    Respondent                       :

# **O R D E R**

    **NOW**, June 4, 2025, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge